Ellen Gavin, Appellant, v. Louis C. Keter et al., Defendants. Louis C. Keter et al., Appellees.

Gen. No. 37,892.

Opinion filed December 31, 1934. Rehearing denied January 12, 1935.

JOSEPH B. LYNCH, of Chicago, for appellant; HART E. BAKER and JASPER F. ROMMEL, both of Chicago, of counsel.

ALFRED ROY HULBERT and ALBERT W. FROEHDE, both of Chicago, for appellees.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Ellen Gavin, plaintiff below, sued Louis C. Keter; Chicago Title & Trust Company, a corporation, as trustee under a certain trust agreement and declaration of trust dated June 30, 1924; John Otto Stoll; William F. Russell; Frank G. Rainey; Michael J. Purcell; Jeremiah J. Sullivan; Paul Frisch; Morris G. Frankel; Edwin D. Krenn and Edward A. Dato, doing business under the firm name and style of Krenn & Dato, and Ben W. Lawless and Krenn & Dato, Incorporated, a corporation. The suit was in assumpsit. Chicago Title & Trust Company was dismissed from the suit by stipulation. During the trial and before verdict Edwin D. Krenn, Edward A. Dato, Ben W. Lawless and Krenn & Dato, Incorporated, a corporation, were, on their motion, dismissed from the case. The death of defendants Frisch and Frankel was then

suggested and, on motion of plaintiff, they were also dismissed from the case. A jury returned a verdict finding the issues for plaintiff and assessing her damages at $2,206.03. The remaining defendants, appellees in this court, filed a written motion for a new trial. The trial court granted the motion and entered the order for a new trial, and thereafter plaintiff filed, in this court, her petition, under the new Practice Act, Cahill's St. ch. 110, ¶ 129 *et seq.*, for leave to appeal from the order granting a new trial, and an order was entered granting her such leave.

The written motion for a new trial filed by appellees in the trial court sets up the following grounds:

"(1) The verdict is contrary to the evidence.

"(2) The verdict is contrary to the law.

"(3) The trial court erred in the exclusion of competent testimony offered on behalf of the defendants.

"(4) The trial court erred in excluding various documentary evidence and exhibits offered in evidence by the defendants.

"(5) The trial court erred in denying the motion of the defendants made at the close of the plaintiff's evidence to direct a verdict in favor of the defendants.

"(6) The trial court erred in holding that the plaintiff had proved a *prima facie* case under the pleadings.

"(7) The trial court erred in submitting this case to the jury on both the pleadings and the facts in evidence.

"(8) The trial court erred in holding as a matter of law, that upon the pleadings the plaintiff could recover any sum of money from the defendants by virtue of, and based upon, any verbal agreement for the purchase by the plaintiff from the defendants of real estate.

"(9) The trial court erred in refusing to hold as a matter of law that the plaintiff could recover from the defendants, any sum of money under the pleadings,

for the reason that the alleged verbal agreement for the purchase of real estate is not one enforcible at law, because it is prohibited by the Statute of Frauds.

"(10) The trial court erred in refusing to grant the motion of the defendants made at the close of all of the testimony to direct a verdict against the plaintiff and in favor of the defendants."

The bill of exceptions is silent as to the ground or grounds upon which the new trial was granted. Plaintiff, in her brief, states that she is unable to advise us as to the reasons that influenced the trial court in granting the motion, and in her brief considers all of the grounds set forth in the motion for a new trial.

The declaration consists of the common counts. Plaintiff's affidavit of claim states, in substance, that her claim is upon a contract for the payment of money, viz., $2,203.06, received by defendants for her use and benefit; that on September 18, 1924, plaintiff and defendants entered into a certain verbal agreement for the purchase of two building lots on the east side of Kostner avenue one-half block south of Main street in Niles Center; that she paid, on account of the purchase, $55 on September 18, 1924, $45 on September 25, 1924, and $620 on February 9, 1925, and that from time to time thereafter she paid defendants divers sums of money on account thereof; that the payments aggregated $2,203.06; that defendants received and retained said money pursuant to the terms of said verbal agreement; that on November 20, 1928, defendants stated to plaintiff that they would not and could not comply with the terms of said verbal agreement, and could not and would not be bound any longer thereby, and would not and could not convey to her the said two lots on Kostner avenue; that thereupon plaintiff demanded of defendants that they repay her the said $2,203.06 but they refused to repay such sum of money, and have hitherto failed, neglected and refused so to

do; that there is due plaintiff from defendants, after allowing all deductions, claims and set-offs, $2,203.06, together with interest from November 20, 1928. Defendants filed the plea of the general issue and five special pleas, but it is necessary to mention only three, —two of the statute of frauds and a special plea denying that defendants had promised as plaintiff alleges in her declaration, and alleging, in substance, that the money defendants received from plaintiff was pursuant to the terms of two written contracts for the purchase by plaintiff of lots 169 and 170 in Krenn & Dato's Main-Kostner subdivision.

As we read this record there is but one of the grounds urged for a new trial that we need notice, viz., the verdict is contrary to the evidence. The following is plaintiff's statement of her theory of fact: "Plaintiff was asked to buy two lots on September 18, 1924, by John Powers who came to her home for that purpose. He was then defendants' real estate representative. He pointed out two lots on the east side of Kostner Avenue, half a block south of Main street, in Niles Center, Illinois, on a blue print he had with him. The following day he took her to see the lots in Niles Center and showed them to her. They were the 7th and 8th lots south of the alley. They are shown as lots 47 and 48 on the blue print in evidence. They were owned by the defendants and were for sale. Plaintiff agreed to buy them and made a down payment of $720.00 and thereafter paid monthly installments. What Mr. Powers told her as to the location of these lots on Kostner Avenue was later verified by an agent and employee of the defendants, namely: a Mr. Geiger. In all plaintiff paid $2,206.03 under the impression she was purchasing the two lots on Kostner Avenue. In November 1928 before the agreed price was fully paid she interviewed Edward A. Dato, the manager for the defendants in this sale's project.

He told plaintiff in that interview that the defendants could not and would not sell her those lots, that they had been sold to someone else. She asked for her money back. This was refused and this suit subsequently brought." Plaintiff introduced evidence to support her theory of fact. Appellees contend, *inter alia,* that the only contracts that plaintiff made in reference to any lots in the subdivision in question were for the purchase of lots 169 and 170, and that the contracts for said lots were in writing. In support of their theory defendants offered in evidence a number of written documents. The first was a receipt for the down payment. It is dated September 18, 1924, is signed by Krenn & Dato and also by plaintiff, and recites, *inter alia,* that Krenn & Dato received the money from plaintiff "as payment on purchase price of property known as Lot No. 169–170." Plaintiff testified that the figures "169–170" were not upon the receipt when she signed it. Defendants also introduced in evidence a written contract for the purchase of lot 169 and another written contract for the purchase of lot 170. Each bears the signature of plaintiff, and she admits signing them, but testifies that she did not read them, that she "looked at them but I didn't read them; didn't look to see that this was a contract for the sale of lot 169 and the other for 170." Plaintiff testified that thereafter she paid instalments upon the written contracts of $18 a month until June, 1928, and that each time she made a payment she took said contracts to the office of Krenn & Dato, where the payments she made would be written on the back of the contracts; that each month she received a notice or due bill through the mail but she "no longer has these communications"; that she did not notice if each one stated the lot number; that she "noticed on each slip the amount of money; didn't take notice or look at the slip to see whether it was lot 168, 912 or 8, did not

notice if there was a memo on the face of each little
notice that I owed so much money on the purchase
price of a definite lot number''; that when she made
her payments she did not look to see if she was paying
on lots 169 and 170, as she did not suspect anything.
She further testified that for four years she received a
tax bill yearly from Krenn & Dato but did not take
particular notice that the tax bills were for taxes on
lots numbered 169 and 170; that she paid four tax
bills; that ''when I got tax bills for different numbered
lots I never paid no attention; it was not until I
wanted to get a loan and somebody called my attention
to it that I first discovered I did not have the right
lots.'' Defendants also offered in evidence a written
notice to plaintiff, dated June 12, 1928, which bore at
its head the following: ''Lot #169–170 Re: *Main-
Kostner*,'' and which notified plaintiff that they had
written her twice before about the special assessments
which were due, and urging her to promptly send them
a check for the amount due. This letter, upon ob-
jection, was not admitted in evidence. Defendants
also offered in evidence a declaration filed in the cir-
cuit court of Cook county by one Ellen Gavin against
Edward A. Dato. The declaration is signed, ''ELLEN
GAVIN By Heth, Lister & Collins Her Attorneys.''
The words ''Heth, Lister & Collins'' are in handwrit-
ing, the rest in typewriting. This declaration alleges
that Dato was indebted to plaintiff in the sum of
$2,203.06 for moneys had and received, pursuant to
the terms of two certain instruments in writing. The
declaration sets up the two instruments verbatim, and
they are identical with the two written contracts intro-
duced by defendants in the instant case and heretofore
referred to in this opinion. Upon objection by plain-
tiff the court refused to allow this declaration in evi-
dence. The ruling was based, apparently, upon the
fact that plaintiff testified that she did not sign the

declaration and did not authorize the attorneys who signed it to commence any such suit. In the absence of proof that plaintiff authorized the suit in question and had personal knowledge of the facts contained in the declaration, the action of the trial court in sustaining the objection to the declaration was justified.

In passing upon the merits of the instant contention it must be borne in mind that this is an appeal from an order of the trial court granting a new trial. If judgment had been entered upon the verdict and the appellees were here claiming that the evidence did not warrant the verdict, the question of the preponderance of the evidence would not arise in this court and we would not be warranted in disturbing the verdict of the jury unless the verdict was clearly against the manifest weight of the evidence. But, under the new Practice Act, Cahill's St. ch. 110, ¶ 129 *et seq.,* this appeal concerns the action of the trial court in granting a new trial. A trial court has more latitude than this court in passing upon the verdict of a jury. The allowance or refusal of a new trial on the weight of the evidence is peculiarly within the discretion of the trial court and he is warranted in granting a new trial if a plaintiff has failed to sustain his claim by a preponderance of the evidence. In passing upon the question as to whether or not the trial court in such case was justified in granting a new trial, we must bear in mind that there are many things which a trial judge observes on a trial that do not appear from the printed record,—the appearance of a witness, his or her manner of testifying, and other circumstances that greatly aid the trial court in determining the credibility of a witness and the weight, if any, that should be attached to his or her testimony.

After a careful consideration of the oral and documentary evidence in this case, we have reached the conclusion that we would not be justified in setting

316

aside the order of the trial court granting the defend-
ants (appellees) a new trial. We may state, in con-
clusion, that to properly aid this court in determining
the merits of an appeal from an order granting a new
trial, the trial judge should incorporate in the bill of
exceptions the ground or grounds upon which his
action is based.

The order of the circuit court of Cook county grant-
ing to defendants (appellees) a new trial is affirmed.

*Affirmed.*

GRIDLEY, P. J., and SULLIVAN, J., concur.