(No. 28137.—)
THE MILLIKIN NATIONAL BANK OF DECATUR, Appellee, vs. SHELLABARGER GRAIN PRODUCTS COMPANY *et al.,* Appellants.

*Opinion filed January 17, 1945.*

HAL M. STONE, of Bloomington, and EMANUAL ROSEN-BERG, of Decatur, for appellants.

LEE BOLAND, and LEFORGEE & SAMUELS, both of Decatur, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Through a series of financial transactions between the Millikin National Bank of Decatur, appellee, and Shellabarger Grain Products Company, (hereinafter called appellant,) the latter became indebted to the former in March, 1936, on a promissory note in the amount of $28,030.30. Owing to a considerable amount of indebtedness to others, the appellant was in a precarious financial condition. Attempts were made to procure loans from the Reconstruction Finance Corporation and also to reorganize. During the course of these efforts, a discussion was had between appellant and appellee with respect to the appellee accept-

ing less than the face amount of the notes in case a reorganization was effected.

In 1938, appellant sold its plant and assets for $250,000, and after the sale had been agreed upon, but before it had been consummated, the bank accepted a settlement of $20,000 in discharge of the notes held by it. When the bank discovered the property had been sold, the present suit was brought to recover the sum of $8030.30, upon the theory that it had been induced into making the settlement by a fraudulent concealment upon the part of appellant.

After answers had been filed denying the allegations in the complaint and all of the issues settled, the cause was tried before a jury, and resulted in a verdict for the plaintiff bank in the sum of $8030.30. Appellant made a motion for a judgment notwithstanding the verdict, and at the same time made a motion for a new trial. The trial court allowed the motion for the judgment notwithstanding the verdict, and entered judgment in favor of appellant. The motion for new trial was denied.

The case was appealed to the Appellate Court for the Third District, and it held the action of the trial court in granting judgment for the defendant notwithstanding the verdict was erroneous, and that it should not have disturbed the verdict of the jury. It thereupon reversed the judgment of the circuit court and remanded the cause with directions to vacate and set aside the judgment notwithstanding the verdict and enter judgment for the plaintiff on the verdict by the jury for the amount thereof and costs of suit. It did not pass upon appellant's motion for a new trial, although its denial was assigned as error and argued in the Appellate Court.

After the decision of *Goodrich* v. *Sprague,* 376 Ill. 80, we amended Rule 22 by adding certain language authorizing a trial court to pass upon alternative motions for a new trial and for judgment notwithstanding the verdict.

(378 Ill. 11.) The rule requires the trial court to pass upon a motion for a new trial in cases where an order has been entered granting a motion for judgment notwithstanding the verdict, but also provides: "but such ruling upon said motion for a new trial shall not become effective unless and until the order granting the motion for judgment notwithstanding the verdict shall thereafter be reversed, vacated or set aside in the manner provided by law." The rule also provides that "an appeal to a court of appellate jurisdiction from a judgment granted on a motion for judgment notwithstanding the verdict, shall, of itself, without the necessity of a cross-appeal, bring up for review the ruling of the trial court on such motion for a new trial; and the reviewing court shall, if it reverses the judgment entered notwithstanding the verdict, review and determine the validity of the ruling on the motion for a new trial." This rule was adopted November 25, 1941, and was in force at the time of the trial.

In the present case, the only matter decided by the Appellate Court was the action of the trial court on the motion notwithstanding the verdict, although the action of the trial court in denying a new trial was presented to the Appellate Court for consideration. In *Herb* v. *Pitcairn*, 377 Ill. 405, we held that by filing a motion for a directed verdict, a party does not waive the right to file a motion for a new trial; and also, that when the trial court reserves ruling on defendant's motion for a directed verdict and, after verdict for plaintiff, enters judgment for defendant notwithstanding the verdict, the reversal of such judgment by the Appellate Court does not deprive the defendant of the right to a judgment of the trial court upon all questions which could properly be raised upon a motion for new trial.

It was the purpose of Rule 22 to enable the Appellate Court, in cases where an alternative motion for a new trial had been made, to pass upon both questions so as to avoid

circuity of action, and to more speedily determine the rights of litigants. Such rule also provides that any party who fails to file the alternative motion for new trial, as provided in the rule, shall be deemed to have waived his right to apply for a new trial.

The judgment of the Appellate Court passed only upon one feature of the case, and that was whether there was any evidence tending to support the verdict of the jury. If that issue were alone considered by us, under our ruling in *Gnat* v. *Richardson*, 378 Ill. 626, we would not weigh the evidence but only determine whether there was any evidence to support the verdict, as that is the only question of law which could arise upon that issue. A motion for a new trial, however, raises other questions than those which can be determined upon a motion for judgment notwithstanding the verdict. The action of the court in giving or refusing instructions, in the admission or rejection of evidence, or other matters involving the conduct of the trial can be considered on this motion, and not on a motion for a judgment notwithstanding the verdict. And, in addition, and perhaps the most important of all, the court has a right to determine whether the evidence is sufficient to justify the verdict. *Hunt* v. *Vermilion County Children's Home*, 381 Ill. 29.

These matters and others of a like character were all raised by appellant's motion for a new trial, which motion was denied by the trial court and not passed upon by the Appellate Court. Under the remanding order, all the circuit court could do would be to enter judgment on the verdict. (*Goodrich* v. *Sprague*, 385 Ill. 200; *Lincoln Park Comrs.* v. *Schmidt*, 379 Ill. 130.) This would deprive appellant of a review by the Appellate Court of the refusal of the circuit court to grant a new trial.

In cases where the ruling of the trial court on a motion for judgment notwithstanding the verdict is reversed by the reviewing court, Rule 22 mandatorily provides it shall

"review and determine the validity of the ruling on the motion for a new trial." The very purpose of this rule is to avoid the result that would follow here if the Appellate Court were affirmed, without action being taken on the motion for new trial; *i.e.*, defendant, though the question had been adequately preserved, would be deprived of the right the rule insures of having the motion for a new trial considered.

If the case were considered by us in its present state, the only matter of law that would be presented for consideration would be whether there was any evidence to sustain the action of the Appellate Court, as we would not weigh the evidence in determining this question. (*Gnat* v. *Richardson,* 378 Ill. 626.) The failure of the Appellate Court to pass upon one of the material questions required to be reviewed by Rule 22 makes it necessary for us to remand the cause back to that court for a consideration of the questions raised upon the denial of a new trial by the circuit court. Inasmuch as some of the matters to be considered upon such a motion involve the same facts as those considered in passing upon the motion for a judgment notwithstanding the verdict, we have refrained from discussing, in any way, the evidence considered by the trial court, as it is our opinion all of these questions should be determined before the cause is passed upon by this court.

It is, therefore, the judgment of this court that said judgment of the Appellate Court for the Third District be reversed only for such purpose and the cause be remanded to said court, with directions to pass upon and determine the questions raised by appellant's motion for a new trial, which were not determined by that court.

*Reversed and remanded, with directions.*