CHARLES GETTEMY, Plaintiff-Appellant, *v.* JOSEPH F. GRGULA, Defendant-Appellee.

(No. 57854; ▮▮▮▮▮▮▮▮)

First District (4th Division)—January 22, 1975.

*Rehearing denied February 18, 1975.*

Wexler and Pecyna, of Chicago (Stanley Jakala, of counsel), for appellant.

Tim J. Harrington, of Chicago (Thomas J. Brophy, of counsel), for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Plaintiff, Charles Gettemy, brought an action against Joseph F. Grgula, defendant, for personal injury and property damage arising out of an automobile collision between the parties. At the close of the evidence, plaintiff's motion for a directed verdict on the issue of liability was denied. The cause was submitted to the jury, and a general verdict was returned in favor of defendant. The jury also answered "yes" to a special interrogatory as to whether plaintiff was guilty of contributory negligence. Plaintiff's motion for a judgment notwithstanding the verdict was also denied, and plaintiff appeals. No questions are raised on the pleadings.

The impact occurred on December 23, 1965, at the intersection of 28th Street and Keeler Avenue in the city of Chicago. The only witnesses to the collision were the drivers of the respective vehicles. Plaintiff was proceeding north on Keeler Avenue, and defendant was driving west on 28th Street. Both roads have a traffic lane in each direction and a parking lane on each side. 28th Street is controlled by a stop sign at the intersection with Keeler. Defendant came to a full stop at the

intersection. Since his vision was obscured by parked vehicles, he pulled forward so as to obtain a better view of oncoming traffic. In so doing defendant entered the lane of traffic on Keeler by approximately 2 feet. The front of defendant's automobile intersected plaintiff's car at the right rear door and creased the side to the back corner panel.

Plaintiff primarily contends that it was error for the trial judge to deny his motion for a directed verdict on the issue of liability and also to deny his motion for a judgment notwithstanding the verdict. He strenuously argues that by statute it was defendant's duty to stop at the point nearest the intersecting roadway where he had a view of approaching traffic and to yield the right-of-way to those vehicles which constituted an immediate hazard. (Ill. Rev. Stat. 1965, ch. 95½, pars. 167(b), (c); 183(c).) In short, it is argued that by failing to yield the right-of-way, defendant was negligent as a matter of law. In the alternative plaintiff contends that a new trial is warranted since the judgment is against the manifest weight of the evidence.

■■ Both parties have cited numerous cases to support their theories. Suffice it to say that each case must rest on its own particular facts. In *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, our supreme court laid down the rule that verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on the evidence could ever stand. Therefore, if he is to succeed, plaintiff must meet the *Pedrick* standard not only with regard to a showing of negligence on the part of defendant but also with regard to a showing of freedom from contributory negligence on his part.

Considering the evidence as a whole and the inferences that might be drawn from the circumstances, we cannot say it so overwhelmingly favors plaintiff that no contrary verdict could ever stand. The evidence when viewed in its aspect most favorable to defendant discloses the following facts. Defendant came to a full stop at the stop sign approximately 8 feet from the eastern curb of Keeler. He looked to his left and his right for approaching traffic, but found his vision to be obscured in both directions by parked vehicles on Keeler. In order to obtain a better view, defendant proceeded a short distance forward, and again came to a complete stop. He first looked to the north, and when he subsequently looked to the south, he observed plaintiff's car swerving to avoid an impact. At that time defendant's automobile protruded approximately 2 feet into the line of traffic on Keeler. Plaintiff expressly admitted that he saw defendant's car stopped at the intersection. However, there was no testimony that plaintiff sounded his horn, slowed down, or took any

other compensating action to avoid a potential collision. Finally, there was testimony that plaintiff's car came to a stop five or six houses north on Keeler. If this testimony were believed, the inference of excessive speed is indeed clear.

■ The term contributory negligence eludes precise definition. (*Genck v. McGeath,* 9 Ill.App.2d 145, 132 N.E.2d 437.) Since each case must be determined from its own particular facts, the question of contributory negligence is one which is pre-eminently for the consideration of a jury. (*Moran v. Gatz,* 390 Ill. 478.) In the instant case, the jury specifically found that plaintiff was guilty of contributory negligence as is evidenced by its affirmative answer to the special interrogatory. We find that this determination is supported by the record, for there is ample evidence suggesting that plaintiff proceeded recklessly into a known hazard.

■■ While a driver on a preferential highway generally has the right-of-way over drivers on non-preferential roadways, he does not per se have the absolute or unqualified privilege to assert it regardless of the circumstances, distance or speed. The rule prescribing the standard of care for a driver on a preferential highway has been set forth many times. He may not proceed heedlessly into obvious danger. He has a duty to observe due care in approaching and crossing the intersection and to drive as a prudent person would to avoid a collision when the danger is discovered or, by the exercise of reasonable care, should have been discovered. (*Conner v. McGrew,* 32 Ill.App.2d 214, 177 N.E.2d 417.) Illinois courts have consistently held that it is a function of the jury to determine whether a driver on a preferential highway conformed to the standard of the reasonable and prudent man; and we see no reason to upset the jury's finding in this case. We have examined the cases cited by plaintiff and find that they are distinguishable on the facts.

■■ Nor can we say that the verdict is against the manifest weight of the evidence. Manifest weight means the clearly evident, plain and indisputable weight of the evidence. (*Haas v. Woodard,* 61 Ill.App.2d 378, 209 N.E.2d 864.) An opposite conclusion is not clearly evident. The jury saw the witnesses and heard their testimony. They were the sole judges of the credibility of the witnesses. The fact that the jury could have decided the other way is of no moment. This court will not substitute its judgment for that of the jury or the trial judge who entered judgment on the verdict.

For the foregoing reasons the judgment of the Circuit Court is affirmed.

Affirmed.

DIERINGER, P. J., and ADESKO, J., concur.