DAVID SPANKROY, a Minor, by Lois Spankroy, his Mother and Next Friend, Plaintiff-Appellee, *v.* PATRICIA ALESKY, Defendant-Appellant.

First District (2nd Division)   No. 60617

Opinion filed January 18, 1977.

Tim J. Harrington, of Chicago (Robert Guilfoyle and John Skapars, of counsel), for appellant.

Joseph R. Curcio, of Chicago (Ronald J. Skarr, of counsel), for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Patricia Alesky (defendant), pursuant to Supreme Court Rule 306 (Ill. Rev. Stat. 1975, ch. 110A, par. 306), appeals an order of the trial court setting aside a jury verdict and granting a new trial. The following issues are presented: (1) did the trial court abuse its discretion in granting a new trial; and (2) did the trial court err in directing a verdict in plaintiff's favor as to contributory negligence.

The relevant facts follow. David Spankroy (plaintiff), a passenger in a car driven by Mark Lefler on June 19, 1972, was involved in an accident with a car driven by defendant. Lefler's vehicle was traveling east on a pedestrian crosswalk in the parking lot of the Cermak Shopping Plaza (Berwyn, Illinois), when it was hit by defendant's vehicle traveling in a southerly direction on a traffic lane which crossed this pedestrian crosswalk. As a result of this collision, plaintiff suffered a broken arm and brought suit against defendant seeking damages.

At the jury trial plaintiff testified that on June 19, 1972, at about 2 p.m., he was riding in the front passenger seat of a car being driven by Lefler when that car was involved in an accident with a car being driven by defendant. Lefler's car was traveling on a pedestrian crosswalk at a speed of about 10 miles per hour. The car had crossed two traffic lanes prior to the collision with defendant's vehicle. Plaintiff testified that he did not tell Lefler to drive on the crosswalk, nor did he comment on Lefler's doing so. Plaintiff first saw defendant's car at the moment of impact.

Lefler testified that he was driving east on the pedestrian crosswalk and had crossed two traffic aisles before the accident; that plaintiff did not tell him to drive on the crosswalk; that he was traveling at about eight miles per hour when he came to the traffic aisle where the collision took place; that he had looked to the north when he was about 10 feet from the middle of the intersection and claimed he could see about 20 feet; that he looked again when the car was about two or three feet from the intersection and saw defendant's white car coming toward them; and that he put his foot on the brake but did not have time to stop and did not blow his horn. He testified that he could not estimate defendant's speed but thought her car was traveling rather fast. Lefler could not recall making any comment, in the presence of the defendant, to the police after the accident.

Defendant testified that on the afternoon in question, she was driving her father's automobile in a southerly direction in a traffic lane of the Cermak Shopping Plaza. Defendant noted that there was a steady line of parked cars to her right as she drove down the aisle; that she was traveling at a speed of about 10 to 15 miles per hour; and that about 20 feet from the pedestrian crossing she noticed diagonal lines painted on the pavement and could see only about one or two feet to the east and west at that point. Defendant further testified that as the front of her car entered the crosswalk, she allegedly saw a blur out of the corner of her eye about five feet from her car; that she did not see any auto prior to the impact; that she had no time to apply her brakes, and the right front of her car collided with the left front of the Lefler vehicle; and that her car traveled about 20 feet southeast after the impact, and the front of her vehicle struck a

parked car. Defendant also testified that Lefler had admitted liability for the accident to a police officer.

David Alesky, defendant's brother, testified he was riding in the car driven by his sister at the time of the accident. He claimed that she was traveling at a speed of five to 10 miles per hour; and that the Lefler car was traveling at a speed of 35 miles per hour.

At the close of the evidence, the trial court denied plaintiff's motion for a directed verdict as to liability, and directed a verdict for plaintiff on the issue of contributory negligence. In closing argument, defendant's attorney argued that the negligence of Lefler was the sole cause of plaintiff's injuries and implied that plaintiff contributed to that negligence. Plaintiff's attorney objected to this argument. The trial court did not rule on the objection and ordered the parties to proceed.

The jury returned a verdict for defendant. Plaintiff moved for a new trial urging that the verdict was contrary to the law and the evidence; that the defendant's closing argument was inflammatory and prejudicial, and that this argument created an inference in the minds of the jury that the negligence of the driver was imputable to plaintiff; and finally, that the verdict was contrary to the preponderance of the evidence. The trial court allowed this motion, set aside the jury verdict, and ordered a new trial, stating that "* * * I think the negligence of the defendant in this case by her own statement is compelling."

## I.

Our review of the case law in this State on motions for new trial in civil cases leads us to the conclusion that some confusion exists. (See *Houston v. Zimmerman* (4th Dist. 1975), 30 Ill. App. 3d 425, 333 N.E.2d 472.) This confusion has been created by the lack of consistency in articulating the appropriate standard to be used by the trial court on motions for new trial and also by reviewing courts. Hoping not to add to the confusion, we shall attempt to shed some light on the problem for the future. We shall first address ourselves to the standard to be applied by the trial court on motions for new trial where no procedural error is alleged, but the motion is predicated upon the alleged sufficiency of the evidence to support the verdict or finding.

## A.

■■ In a jury trial of a civil matter, it is well settled that the standard used by the jury is the preponderance of the evidence. 18 Ill. L. & Prac. *Evidence* §345 (1956); see *Reivitz v. Chicago Rapid Transit Co.* (1927), 327 Ill. 207, 210, 158 N.E. 380.

However, our research reveals that it is not clear what standard the trial

court may apply to set aside a jury verdict and order a new trial. Various criteria such as weight of the evidence (*Payne v. Kingsley* (2nd Dist. 1965), 59 Ill. App. 2d 245, 252, 207 N.E.2d 177), preponderance of the evidence (*Potter v. Ace Auto Parts & Wreckers, Inc.* (1st Dist. 1964), 49 Ill. App. 2d 354, 356, 199 N.E.2d 618), and manifest weight of the evidence have been used as the standard of review by the trial court within this State (*Houston v. Zimmerman*, at 429). Also see *Stringer v. McHugh* (5th Dist. 1975), 31 Ill. App. 3d 720, 722, 334 N.E.2d 311; 66 C.J.S. *New Trial* §70 (1950); 58 Am. Jur. 2d *New Trial* §§137-144 (1971); 28 Ill. L. & Prac. *New Trial* §26 (1957).

Preponderance of the evidence, as defined in *Moss-American, Inc. v. Fair Employment Practices Com.* (5th Dist. 1974), 22 Ill. App. 3d 248, 259, 317 N.E.2d 343, means:

> "[T]he greater weight of the evidence, not necessarily in numbers of witnesses, but in merit and worth that which has more evidence for it than against it is said to be proven by a preponderance. Preponderance of the evidence is sufficient if it inclines an impartial and reasonable mind to one side rather than the other."

Manifest weight of the evidence is a more stringent standard. This court has defined that standard as follows:

> "Manifest weight means the clearly evident, plain and indisputable weight of the evidence." *Gettemy v. Grgula* (1st Dist. 1975), 25 Ill. App. 3d 625, 628, 323 N.E.2d 628.

We also note that preponderance of the evidence is frequently used synonymously with weight of the evidence.[1] *Cleveland, C. C. & St. L. Ry. Co. v. Trimmell* (3d Dist. 1898), 75 Ill. App. 585, 590-91.

It is well established that the granting of a motion for new trial is discretionary with the trial court, and that its ruling will not be reversed unless a clear abuse of discretion is shown on the record. (*Doerr v. Palm* (1st Dist. 1971), 1 Ill. App. 3d 902, 905, 274 N.E.2d 889.) This discretion is not unlimited and must be reasonably exercised. *Johnson v. Chicago Transit Authority* (1st Dist. 1975), 28 Ill. App. 3d 945, 949, 329 N.E.2d 395, *appeal denied* (1975), 60 Ill. 2d 597.

In discussing the standard of review to be used in the trial court's granting of a motion for new trial, *Gavin v. Keter* (1st Dist. 1934), 278 Ill. App. 308, 315, sets forth the following:

> "The allowance or refusal of a new trial on the weight of the evidence is peculiarly within the discretion of the trial court and he is warranted in granting a new trial if a plaintiff has failed to sustain

---

[1] We note the Illinois Appellate Reports headnote in *Johnson v. Chicago Transit Authority* (1st Dist. 1975), 28 Ill. App. 3d 945, note 1, erroneously states the standard set forth in the case as being whether the jury's verdict was contrary to the *manifest* weight of the evidence, when the standard actually set forth by the court was whether the verdict was contrary to the weight of the evidence, which is the equivalent of the preponderance of the evidence—not the manifest weight. 28 Ill. App. 3d 945, 949.

his claim by a preponderance of the evidence. In passing upon the question as to whether or not the trial court in such case was justified in granting a new trial, we must bear in mind that there are many things which a trial judge observes on a trial that do not appear from the printed record,—the appearance of a witness, his or her manner of testifying, and other circumstances that greatly aid the trial court in determining the credibility of a witness and the weight, if any, that should be attached to his or her testimony."

In reversing the trial court's allowance of a motion for new trial in *Biel v. Wolff* (1st Dist. 1970), 126 Ill. App. 2d 209, 216, 261 N.E.2d 474, this court noted that the proper standard to be applied in the trial court is whether the verdict is against the preponderance and not the manifest weight of the evidence.

The Fifth Appellate District has recently criticized the preponderance of the evidence standard in *Stringer v. McHugh* (5th Dist. 1975), 31 Ill. App. 3d 720, 722, 334 N.E.2d 311. *Stringer* indicates that the preponderance of the evidence standard places too much discretion in the hands of the trial court, and that a verdict should not be disturbed by the trial court unless it is "unreasonable, arbitrary, and unsupported by the evidence." We believe such a test is equivalent to a manifest weight of the evidence test. We feel such a stringent standard places the trial court, which observes the evidence first hand, in the same position as the appellate court which reviews the evidence on a written record.

Since a jury is instructed to use the preponderance of the evidence test, in our opinion, the trial court in reviewing the jury determination should use the same standard of review. This is not to say that the trial court may set aside a verdict where the factual controversy could be resolved in favor of either party. A motion for new trial is not an opportunity for the trial court to substitute its opinion for the jury's—this would be an abuse of discretion. (See *Finley v. New York Central R.R. Co.* (1960), 19 Ill. 2d 428, 436, 167 N.E.2d 212, 216; *Johnson v. Chicago Transit Authority* (1st Dist. 1975), 28 Ill. App. 3d 950.) Where in the judgment of the trial judge the evidence presented preponderates in the losing party's favor so that it appears the verdict was the result of some bias, prejudice, or misconception of the evidence on the part of the jury, the trial court should have the authority to order a new trial.

We note our supreme court has set forth the manifest weight of the evidence test in affirming an appellate court decision which reversed a trial court's allowance of a judgment notwithstanding the verdict as well as a new trial. (*Bank of Marion v. Robert "Chick" Fritz, Inc.* (1974), 57 Ill. 2d 120, 126, 311 N.E.2d 138.) The court stated:

> "In this case we do not find that the verdict of the jury was against the manifest weight of the evidence."

However, the appellate court in reversing the order allowing a new trial in this case had stated:

> "We find there is no *reasonable basis* for a new trial being ordered either on the issue of damages or on the entire case." (9 Ill. App. 3d 102, 110, 291 N.E.2d 836.) (Emphasis added.)

It appears to us that the appellate court was using the preponderance standard, while the supreme court applied the manifest weight of the evidence test.

In *Mizowek v. De Franco* (1976), 64 Ill. 2d 303, 310, 356 N.E.2d 32, an appeal from the trial court's denial of a motion for new trial, our supreme court distinguished between the *Pedrick*[2] rule which must be applied in considering a directed verdict or a judgment notwithstanding the verdict, and the lesser standard used in granting a new trial. The court noted:

> "On a motion for a new trial a court will weigh the evidence and set aside the verdict and order a new trial if the verdict is contrary to the manifest weight of the evidence. *Heideman v. Kelsey*, 414 Ill. 453, 466; *Millikin National Bank of Decatur v. Shellabarger Grain Products Co.*, 389 Ill. 196, 200; *Hunt v. Vermilion County Children's Home*, 381 Ill. 29, 34; 3A Nichols, Illinois Civil Practice sec. 3887, at 402 (1961)."

While it is true the verdict will be set aside when it is against the manifest weight of the evidence, in our opinion, the trial court may also set it aside when it is against the preponderance of the evidence. It is interesting to review the citations in the referenced quote from *Mizowek*. *Kelsey* states:

> "On a motion for new trial the court may weigh the evidence for the purpose of determining whether the verdict is contrary to the weight of the evidence, and, if the court so finds, a new trial should be granted." (414 Ill. 453, 466, 111 N.E.2d 538.)

*Millikin* remanded a matter to the appellate court for a determination of the questions raised by the appellant's motion for a new trial. That court noted:

> "A motion for a new trial, however, raises other questions than those which can be determined upon a motion for judgment notwithstanding the verdict. * * * And, in addition, and perhaps the most important of all, the court has a right to determine whether the evidence is sufficient to justify the verdict." (389 Ill. 196, 200, 58 N.E.2d 892.)

*Hunt* said:

> "On a motion for a new trial the court may weigh the evidence for the purpose of determining whether the verdict is contrary to the weight of the evidence, and, if the court so finds, a new trial should be granted." (381 Ill. 29, 34, 44 N.E.2d 609.)

---

[2] *Pedrick v. Peoria & Eastern R. R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.

*Nichols*, cited in *Mizowek*, explains that in addition to being able to set aside the verdict when it is against the manifest weight of the evidence, the trial court may also set aside the verdict and order a new trial when that verdict is contrary to the clear preponderance of the evidence, or is the result of prejudice or misconception of the evidence. As stated above, *Nichols* also points out that the decision to grant a new trial is peculiarly within the discretion of the trial court.

■■ Based on our review of the question, it is our opinion that the standard to be used by the trial court in determining a motion for new trial is the preponderance of evidence test.

### B.

■■ We next consider the standard to be used by this court in reviewing the action of the trial court in granting or denying a motion for new trial. Based on our research we believe the following cases set forth principles that should be applied by the reviewing courts.

In *City of Monticello v. LeCrone* (1953), 414 Ill. 550, 556-58, 111 N.E.2d 338, our supreme court, in an appeal from the denial of a motion for a new trial, held that a reviewing court (1) cannot usurp the function of a jury by substituting its judgment for that of a jury in passing on the weight and credibility of conflicting testimony; (2) will not set aside a verdict where the evidence is conflicting and the finding of the jury is not clearly against the preponderance of the evidence, and (3) will determine whether the trial court abused its discretion in ruling on the motion for new trial. See also *Garner v. Skafar* (1st Dist. 1977), 45 Ill. App. 3d 859, 360 N.E.2d 398.

*Stilfield v. Iowa-Illinois Gas & Electric Co.* (2nd Dist. 1960), 25 Ill. App. 2d 478, 167 N.E.2d 295, involved an appeal from an order granting the defendant a new trial on a jury verdict in favor of plaintiff. This court reviewed the record and said:

> "We cannot say that the finding of the jury on the matter of the plaintiff's due care is so unreasonable, arbitrary and unsupported on the evidence that it would justify the trial court in granting the defendant a new trial. The finding of the jury is binding on this court under the facts and the law as disclosed by this record and should not be disturbed. The plaintiff is entitled to have the benefit of his verdict." 25 Ill. App. 2d 478, 490.

Where the trial court has denied a motion for new trial, the reviewing court will not disturb the findings of the jury unless the verdict is against the manifest weight of the evidence. *Cora v. Chicago Housing Authority* (1st Dist. 1971), 131 Ill. App. 2d 23, 29, 268 N.E.2d 497; *cf. Mizowek v. DeFranco*.

Pertinent to this discussion is the principle that a court of review will

not disturb a trial court's finding in a bench trial and substitute its own opinion unless the holding of the trial court is "manifestly against the weight of the evidence." *Schulenburg v. Signatrol* (1967), 37 Ill. 2d 352, 356, 226 N.E.2d 624.

### C.

We now turn to the facts of this case to determine if the trial court abused its discretion in determining that the verdict was contrary to the preponderance of the evidence. The only reason stated by the trial court in setting aside the jury verdict was that the negligence of the defendant is compelling and "the verdict of the jury * * * missed the point." The trial court later declined to specify the reasons for granting a new trial. We note it would have aided this court in its determination if the trial court had specified the reasons on which it based its decision. (See *Gavin v. Keter* (1st Dist. 1934), 278 Ill. App. 308, 316.) We also assume, for review of this issue only, that the directed verdict as to contributory negligence was proper.

■■ The evidence before the court was that plaintiff was riding in a car traveling down a crosswalk and defendant was driving down a traffic lane. Defendant admitted not seeing the car in which plaintiff was traveling, although she knew she was approaching a crosswalk and did see some sort of blur at the crosswalk before entering it. Furthermore, the court instructed the jury that no negligence could be imputed to plaintiff, a passenger, because Lefler was driving in the crosswalk. Based on the evidence we cannot say the trial court abused its discretion in granting plaintiff's motion for new trial. We also believe the ruling was not against the manifest weight of the evidence.

### II.

■■ Next we consider the directed verdict as to the issue of contributory negligence. Since we agree this matter must be remanded for a new trial, we only note that if sufficient evidence is introduced to raise a question as to plaintiff's contributory negligence during the new trial, this issue should be submitted to the jury. *Gettemy v. Grgula* (1st Dist. 1975), 25 Ill. App. 3d 625, 628, 323 N.E.2d 628; *Pizano v. Trejo* (3rd Dist. 1971), 2 Ill. App. 3d 944, 948, 274 N.E.2d 861.

The judgment of the circuit court of Cook County is affirmed and the matter is remanded to the trial court for a new trial.

Judgment affirmed.

STAMOS and JIGANTI, JJ., concur.