REVA FAULKNER ZIELKE, Plaintiff-Appellee, *v.* JAMES EDWARD JONES, Defendant-Appellant.

Third District   No. 79-787

Opinion filed August 12, 1980.

J. E. Jones, of Blue Island, for appellant.

Robert C. Stoerzbach, of Barash & Stoerzbach, of Galesburg, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Reva Faulkner Zielke, initiated this action to recover damages for property loss and personal injury allegedly occasioned by the negligence of defendant, James Edward Jones. A jury trial resulted in a verdict in plaintiff's favor and an award of damages in the amount of $9,000. This appeal is from the entry of that judgment and denial of judgment notwithstanding the verdict by the circuit court of Hancock County.

Shortly after noon on August 2, 1975, plaintiff was driving south on Illinois Route 94, traveling from her home in Alexis to visit friends in Quincy, and approaching an intersecting road known as the Basco Blacktop. Defendant was driving east on the Basco Blacktop and approaching the intersection of the two roads. While the weather was clear and the roads were dry, a corn field was situated on the northwest corner of the intersection, obstructing the drivers' views of one another.

The litigants' versions of the sequence of events which followed were relatively consonant. Plaintiff testified that she was driving 50 to 55 miles per hour when an automobile suddenly came off the blacktop road onto Route 94. Thinking the car was turning left, plaintiff slowed her vehicle to allow time for the turn. When she reached the intersection, the automobile was still there and, not wanting to move into the left lane of traffic, plaintiff veered to the right. She then collided with the left rear of the car and proceeded into a fence. Defendant testified that he was driving approximately 50 miles per hour and, knowing there was a stop

sign which controlled traffic coming off the Basco Blacktop, began to brake approximately 50 feet from the intersection. As there was sand on the blacktop, defendant's automobile slid approximately five feet onto Route 94. Seeing plaintiff's car approaching from the left, plaintiff immediately backed up. When plaintiff angled to her right, defendant again pulled forward but was unable to avoid the ensuing collision.

■■ The sole issue for our determination is whether the trial court erred in denying defendant's motion for judgment notwithstanding the verdict. As defendant did not move for a new trial in his post-trial motion, we are precluded from considering his several assignments of error regarding the weight of the evidence (*Hughes v. Bandy* (1949), 404 Ill. 74, 87 N.E.2d 855; *cf. Lindroth v. Walgreen Co.* (1950), 407 Ill. 121, 94 N.E.2d 847; *Hunt v. Vermilion County Children's Home* (1942), 381 Ill. 29, 44 N.E.2d 609), rulings regarding its admission (accord, *Gundich v. Emerson-Comstock Co.* (1960), 21 Ill. 2d 117, 171 N.E.2d 60; *cf. Millikin National Bank v. Shellabarger Grain Products Co.* (1945), 389 Ill. 196, 58 N.E.2d 892) or instructions submitted to the jury (*cf. Millikin National Bank v. Shellabarger Grain Products Co.*)

■■ The standard for determining whether a motion for judgment notwithstanding the verdict should be granted was stated in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14;

> " In our judgment verdicts ought to be directed and judgments
> *n.o.v.* entered only in those cases in which all of the evidence,
> when viewed in its aspect most favorable to the opponent, so
> overwhelmingly favors movant that no contrary verdict based on
> that evidence could ever stand."

Viewing all the evidence at bar in its aspect most favorable to plaintiff, we note defendant made no attempt to apply his brakes until 50 feet from the intersection's stop sign and, after sliding on sand, traveled beyond the sign to a point five feet onto a preferential highway. Upon seeing defendant's vehicle come onto the highway, plaintiff slowed her automobile and angled to her right attempting to avoid a collision. We cannot say that his factual setting so overwhelmingly favors defendant that no contrary verdict based on the evidence could ever stand. Defendant's motion was therefore properly denied.

Accordingly, the judgment of the circuit court of Hancock County is affirmed.

Affirmed.

ALLOY, P. J., and STENGEL, J., concur.