WILBERT M. VOSS, Adm'r of the Estate of Anton Haar, Plaintiff-Respondent, v. KEVIN TUNE et al., Defendants-Petitioners.

Fifth District   No. 82—590

Opinion filed January 12, 1984.

Walker and Williams, P.C., of Belleville (David B. Stutsman and Jeffrey S. Hebrank, of counsel), for appellant Bauer Brothers Construction Company.

Pope and Driemeyer, of Belleville (Thomas W. Alvey, Jr., of counsel), for appellant Kevin Tune.

John H. Hustava, of Law Offices of William W. Schooley, of Granite City, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Wilbert Voss (plaintiff), administrator of the estate of Anton Haar, brought suit against Kevin Tune and Bauer Brothers Construction Company (defendants). Plaintiff's complaint alleged that Tune, while within the scope of his employment with Bauer Brothers, failed to exercise ordinary care in the operation of his vehicle, and as a consequence struck and injured Anton Haar. Following a jury trial, the jury returned a verdict in favor of both defendants, and the court entered judgment on the verdict. The court subsequently granted plaintiff's post-trial motion and allowed a new trial on all issues, finding that the evidence established "some degree of negligence" on the part of Tune. Defendants filed a petition for leave to appeal to this court pursuant to Supreme Court Rule 306 (87 Ill. 2d R. 306), and we granted the petition. We affirm.

Initially, we note that there is disagreement regarding the standard to be applied by a trial judge in determining whether to set aside a jury verdict and grant a new trial in a civil case. This court has held that a trial judge is only justified in setting aside a verdict and allowing a new trial when the verdict is contrary to the manifest weight of the evidence. (*Bean v. Volkswagenwerk Aktiengesellschaft* (1982), 109 Ill. App. 3d 333, 335, 440 N.E.2d 426.) The appellate court for the first district has held that a trial judge is warranted in granting a new trial when the verdict of the jury is not supported by a preponderance of the evidence. (*Spankroy v. Alesky* (1977), 45 Ill. App.

3d 432, 436-37, 359 N.E.2d 1078.) We believe that the manifest weight of the evidence standard expressed in *Bean* is the one which we are compelled to follow, as our supreme court has specifically articulated its adherence to that same standard. (*Mizowek v. De Franco* (1976), 64 Ill. 2d 303, 310, 356 N.E.2d 32.) Finally, in analyzing the propriety of a trial court order granting a new trial, a reviewing court will not reverse such an order unless that order is shown to constitute an abuse of the trial court's discretion. *Looft v. Missouri Pacific R.R. Co.* (1982), 104 Ill. App. 3d 152, 156, 432 N.E.2d 1152.

■ Applying these standards to the case at bar, we cannot say that the trial court abused its discretion in allowing a new trial. The instant case was tried in May 1982, well after the effective date of our supreme court's adoption of the doctrine of "pure" comparative negligence (*Alvis v. Ribar* (1981), 85 Ill. 2d 1, 28, 421 N.E.2d 886). Thus, plaintiff here was only required to show some negligence on the part of the defendant Tune, and, upon such a showing, any contributory negligence on the part of Mr. Haar could not operate to bar recovery entirely. (*Alvis v. Ribar* (1981), 85 Ill. 2d 1, 11.) While there was evidence in this case tending to show that Mr. Haar was walking in the road, and not on the edge of it, we cannot say that the trial court abused its discretion in finding that the verdict of the jury was contrary to the manifest weight of the evidence. It was undisputed that the accident happened in broad daylight, that defendant Tune saw Mr. Haar just prior to making the right turn after which his vehicle struck Mr. Haar; that Tune looked to his left, but not his right, just before crossing a pair of train tracks and striking Mr. Haar; and that Haar was struck by the right front of the Tune vehicle. Moreover, while defendants suggest that Mr. Haar either stumbled or fell in front of the Tune vehicle, there was no evidence suggesting that such was the case. Although Tune testified that Mr. Haar "could have stumbled," Tune admitted that he didn't know if Haar had in fact stumbled, that Haar was walking in a straight line when Tune last saw him, and that Haar was standing up when Tune's vehicle struck him. Viewing the evidence in its entirety, we cannot say that the trial judge abused his discretion in setting aside the jury's verdict and ordering a new trial on all issues.

For the foregoing reasons, the order of the circuit court of Madison County granting a new trial in this cause is affirmed.

Affirmed.

WELCH, P.J., and KARNS, J., concur.