JACQUELINE THALMAN *et al.*, Plaintiffs-Appellees, v. UNITED PARCEL SERVICE, INC., *et al.*, Defendants and Third-Party Plaintiffs-Appellants (Carl Thalman *et al.*, Third-Party Defendants-Appellees).

Fifth District   No. 5—85—0044

Opinion filed March 6, 1986.

Mitchell & Armstrong, Ltd., of Marion (W.A. Armstrong, of counsel), for appellants.

Crain, Cooksey, Veltman & Pursell, Ltd., of Centralia (James H. Cooksey, of counsel), for appellee Jacqueline Thalman.

Richard A. Cary, of Wham & Wham, of Centralia, for appellee Ross Flower Shop, Inc.

JUSTICE KARNS delivered the opinion of the court:

This is an appeal from a judgment notwithstanding the verdict entered in favor of the plaintiff, Jacqueline Thalman, in her action for damages in the circuit court of Marion County. Plaintiff was a passenger in a van owned by co-plaintiff, Ross Flower Shop, Inc., and driven by Jacqueline's husband, Carl Thalman, Ross' co-owner and president. Named as defendants were Earl Conner and his employer, United Parcel Service, Inc. (UPS). Conner and UPS filed a third-party complaint against Carl Thalman and Ross for contribution.

After a jury trial in the circuit court of Marion County in which a verdict was returned in favor of the defendant, the plaintiffs filed post-trial motions, seeking the entry of judgment notwithstanding the verdict or, alternatively, a new trial. The court rejected the jury's verdict, entered judgment for the plaintiffs as requested, and ordered a new trial on the issue of damages incurred by Jacqueline Thalman. Also, the court conditionally ruled on plaintiffs' alternative motion, determining that a new trial should be granted if the trial court's entry of judgment notwithstanding the verdict was reversed on appeal, in accordance with the directives provided in section 2—1202(f) of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—1202(f)). At the same time, on its own motion, the court ordered that defendant's contribution claim against third party defendants Thalman and Ross be severed from the negligence action. Defendants have appealed each of the three rulings, and ask that the jury's verdict be reinstated.

Jacqueline Thalman was injured when the Ross van collided with a tractor-trailer driven by defendant Conner in the course of his employment with UPS. The accident occurred on Walnut Hill Road, a two-lane, blacktop in Marion County which the Thalmans traveled regularly on their way to work in Centralia. Walnut Hill Road runs in an east-west direction and curves sharply to the south from a point where it intersects with Lincoln Trail Road. This area is located approximately 400 feet east of the UPS facility. At its facility, UPS

maintains two access driveways located on either side of its building, both of which intersect Walnut Hill Road.

Carl Thalman testified that he was very familiar with Walnut Hill Road, have traveled it hundreds of times. On the morning of the accident, the road was slick from the night's rain. Thalman stated that he first saw Conner's truck as he was rounding the curve near Lincoln Trail Road, a distance he estimated at 375-400 feet from the east driveway of UPS. He was traveling west at about 45-50 miles per hour, and did not decelerate when he sighted the truck, which he believed was moving at less 10 miles an hour and was 70 feet south of the blacktop. Thalman testified that the truck entered Walnut Hill Road without stopping. At this point Thalman applied his brakes, but the van skidded. He attempted to evade the truck by veering left, because a ditch on the north side of the road prevented him from avoiding impact by moving to the right. When the truck started a left turn into the west driveway of the UPS facility, Thalman tried to move to the right, but the van skidded a second time and the left front end of the van hit the left center rear end of the trailer. Thalman recalled that at the time of impact, the truck's tractor was partially in the left-hand lane, and the trailer was in the right lane.

Jacqueline Thalman's testimony concerning the details of the accident essentially corroborated that of her husband, except that she did not recount the details of distance and locations. She estimated the van's speed at 35 miles per hour, and stated that the van maintained a constant speed until the truck entered Walnut Hill Road. She recalled that the van went into a slide, but did not remember the actual collision.

Defendant Earl Conner testified that before he entered Walnut Hill Road from the east driveway of UPS, he stopped to ascertain if any traffic was coming. While in the process of turning left into the westbound lane, he looked out the back windows of the tractor and saw the van near Lincoln Trail Road, a distance he stated was 437 feet. As he continued the turn and straightened the truck, he turned on the left turn indicator, which automatically shut off the four-way flashing lights which he had engaged before he entered the blacktop. He intended to turn left into the west UPS driveway, and looked in his rearview mirror to see if the road was clear. As he started his second turn, he looked to the left and saw the Ross van straddling the center line of Walnut Hill Road. A short time later, the collision occurred. Conner testified that he heard Jacqueline Thalman ask her husband if he had been driving too fast.

In reaching its decision, the trial court divided the incident into

two distinct phases. The first phase involved Conner's left turn onto Walnut Hill Road, and the court acknowledged that there existed a dispute in the evidence as to what each party observed of Conner's approach to the blacktop. The second phase consisted of Conner's attempted second turn from the roadway. Upon an examination of Conner's conduct during the second stage, the court concluded that he was negligent as a matter of law. The court reasoned that Conner was, in essence, making a wide U-turn between the two driveways and that at the crucial moment when Conner proceeded with the second turn, he failed to use proper care in determining the maneuver was safe. Conner knew that the turn was hazardous because of his speed, the length of the tractor-trailer, and the nearby curve. He admitted that he knew the van was behind him, but was unable to ascertain its location until he had blocked both lanes. The court determined that these facts lead to the indisputable conclusion that some degree of negligence existed on the part of Conner which proximately caused the plaintiff's injuries.

■ We cannot sustain the entry of judgment notwithstanding the verdict. Under the well-settled *Pedrick* rule, a judgment notwithstanding the verdict will be sustained on review only where it can be determined that all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.) It cannot be said that the evidence in the present case is so overwhelmingly indicative of Connor's culpability that a verdict in his favor could not be maintained. The evidence concerning Conner's conduct during what the trial court characterized as the "critical phase" of the accident, even if undisputed, does not lead necessarily to the certain inference that the truck driver was negligent, nor that his conduct was the proximate cause of the injuries sustained. Once the truck had pulled onto the highway, Carl Thalman was under a duty to avoid a collision. His speed and stopping maneuvers, especially when considered in conjunction with the road conditions, could well be viewed by a jury as imprudent conduct under the circumstances. The trial court's contrary conclusion usurped the jury's function in assessing the culpability of the parties involved. We therefore reverse the entry of judgment for the plaintiffs.

■ The decision of the trial court to grant a new trial presents a more difficult question. In analyzing the propriety of a trial court order granting a new trial, a court of review will not reverse the order unless it is shown to be an abuse of the trial court's discretion. (*Voss*

*v. Tune* (1984), 121 Ill. App. 3d 692, 694, 460 N.E.2d 51, 52; *Looft v. Missouri Pacific R.R. Co.* (1982), 104 Ill. App. 3d 152, 432 N.E.2d 1152.) A trial judge is justified in setting aside a verdict and ordering a new trial when the verdict is contrary to the manifest weight of the evidence, a lesser standard than that which measures the correctness of a judgment *n.o.v. Mizowek v. DeFranco* (1976), 64 Ill. 2d 303, 356 N.E.2d 32.

■ Still, in our view, an abuse of discretion occurred here. A new trial is not justified where sufficient evidence exists to support the jury's verdict, and, in the case at bar, defendant's version of the events, if believed, is consistent with the conclusion that his conduct did not constitute a lack of due care. When the trial court denied plaintiffs' motion for a directed verdict at the close of the evidence, it analyzed the evidence and concluded that a fact issue existed which required jury consideration. The court stated:

> "I am not the trier of fact and I have to determine whether or not the jury could come to some determination that the proximate cause of this occurrence was not any conduct on the part of Conner but was the fact that under the conditions of the road, the weather conditions and the way that Mr. Thalman drove and reacted or did not react to the situation, that the proximate cause could have been his conduct and not that of Conner. *** I think there are some, I just can't say there's no dispute in the evidence, realizing, of course, that she's held to no accountability for this occurrence. But still we've got the question of the dispute in the evidence as to what was done *** I think there is conduct on the part of Carl Thalman which I cannot say that the trier of fact would not find to be negligent."

Later, when examining the evidence for purposes of the post-trial motions, the court articulated its two-phase analysis of the accident, and concluded that "[i]t doesn't make any difference in this second stage what the conduct of Carl Thalman was. It's not imputed, it's not imputed to Jacqueline Thalman ***."

■ We believe that the court's evaluation of the evidence was erroneous, and amounted to an unwarranted substitution of its judgment for that of the triers of fact. It is apparent that the jury believed that the actions of Carl Thalman were the cause of the accident. It is certainly not a negligent act for one to activate his left turn signal and turn from a two-lane highway when there is no oncoming traffic and he is properly proceeding along the highway. Neither the trial court nor the appellate court should sit as a second jury,

and ordering a new trial because the trial judge would reach a different result, when evidence exists to support the jury verdict, constitutes an abuse of discretion. (*Looft v. Missouri Pacific R.R. Co.* (1982), 104 Ill. App. 3d 152, 156, 432 N.E.2d 1152, 1155; *Brendel v. Hustava* (1981), 97 Ill. App. 3d 792, 800, 423 N.E.2d 503, 509.) The order granting a new trial is reversed.

In view of our disposition, we need not address the question of whether the contribution claim was properly severed. The judgment of the circuit court of Marion County is reversed and the court is directed to reinstate the jury's verdict and enter judgment accordingly.

Reversed.

HARRISON and WELCH, JJ., concur.