JOHN W. SMITH, Plaintiff-Appellant, *v.* THE METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO *et al.*, Defendants-Appellees.

First District (4th Division)    No. 76-170

Opinion filed June 1, 1978.

Cooney & Stenn, of Chicago (William J. Harte, of counsel), for appellant.

Schaffenegger, Watson & Peterson, Ltd., of Chicago, for appellee W. E. O'Neil Construction Company.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County granting a motion for summary judgment against the plaintiff, John Smith. The action was originally brought in the circuit court by John Smith as an employee of W.E. O'Neil and S.J. Groves, a joint venture, for damages due to injuries suffered on the joint venture job site. The original complaint, which was later amended, named the Metropolitan Sanitary District of Greater Chicago, a corporation; Kamp, Dresser & McKee, a partnership, Boynton Engineering, Inc., a corporation; W.E. O'Neil Construction Company, S.J. Groves & Sons Company, a corporation, and W.E. O'Neil and S.J. Groves, a joint venture, as defendants and proceeded on theories of negligence, products liability and violation of the Structural Work Act (Ill. Rev. Stat. 1973, ch. 48, pars. 60 through 69).

The joint venture, W.E. O'Neil Construction Company and S.J. Groves & Sons Company, brought a motion for summary judgment on the basis the plaintiff was its employee at the time of the injuries and his exclusive remedy therefore was under the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.5). The motion was granted.

Subsequently, the defendant, W.E. O'Neil Construction Company,

brought a motion for summary judgment on the ground the common law and statutory cause of action was barred because the plaintiff was, at the time of the injuries, an employee of W.E. O'Neil Construction Company within the meaning of the Illinois Workmen's Compensation Act, wherein his exclusive remedy for such injuries should lie. After being contested by the plaintiff the motion was granted. The plaintiff has taken this appeal from the summary judgment entered in favor of W.E. O'Neil Construction Company.

The issue presented for review is whether John Smith was an employee of W.E. O'Neil Construction Company at the time he suffered his injuries.

On October 19, 1971, W.E. O'Neil Construction Company (hereinafter called "O'Neil") and S.J. Groves & Sons Company (hereinafter called "Groves") entered into an "Agreement for Joint Venture" for the purpose of bidding on the Salt Creek Water Reclamation Plant Construction Project. The agreement specified if the parties were "awarded said contract":

> "[The] parties * * * constitute themselves as Joint Venturers for the purpose of performing and completing the Construction Contract * * * it being expressly understood * * * that the parties are not making any permanent partnership agreement or permanent joint venture agreement * * * and nothing in this agreement shall be construed as a limitation of the powers or rights of any party hereto to carry on its separate business for its sole benefits* * *."

The "Agreement for Joint Venture" also provided, *inter alia*, (1) each company would appoint certain representatives to act for it with regard to the joint venture, (2) separate books would be kept with respect to the joint venture, (3) separate bank accounts would be kept for "all joint venture funds," (4) each company would have a 50% interest with respect to "all moneys" and "any and all liabilities" derived from the performance of the contract, and (5) the "general supervision and management" of the Salt Creek Construction Project would be under the "charge and control of a Project Manager who shall be subject only to the control of O'Neil and Groves and given such powers as they shall delegate to him."

The joint venture was awarded the Salt Creek Construction Project on November 4, 1971. The joint venture thereafter obtained the approval of the Industrial Commission of Illinois to act as a self-insurer with regard to the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.4).

In order to fulfill its obligations with regard to the Salt Creek Construction Project the joint venture proceeded to hire employees. The plaintiff, John Smith, was one of those hired. Smith's employment with the joint venture was not tied to or connected with any equipment leased to it by O'Neil. It was the intention of the joint venture in engaging in this

hiring process to fully staff itself with the requisite personnel on a permanent basis.

All persons hired by the joint venture were required to complete a hire slip form along with W-2 and W-4 forms.

After being hired, John Smith was carried on the joint venture payroll and was not on any other payroll. The payroll checks he received clearly stated they were paid not by either company on its own behalf but by the joint venture. The joint venture had its own Federal income tax identification number for John Smith and all social security and withholding taxes were deducted on the joint venture payroll.

Subsequent to the execution of the "Agreement for Joint Venture," O'Neil leased to the joint venture a Ford flatbed tractor and trailer. The truck was used to haul just about anything and was only one of six vehicles leased to the joint venture by O'Neil.

On August 31, 1973, John Smith had been working for the joint venture for approximately one year and four months, having been hired in April of 1972. On this day, at about 12 or 1 p.m., John Smith was washing out a concrete bucket used to pour either walls or columns for buildings. In order to accomplish this task John Smith had to stand on the side of the bucket, lean over the top and place the nozzle of a hose he was holding into the bucket.

While John Smith was working on the bucket the head labor foreman, John Lukanich, ordered Clint Thurmond to drive the aforementioned truck down to the Thickener Building and give it to a Mr. Bill Verley to load the forms. The flatbed, at this time, was hooked up to the truck. As he parked the truck on a slight incline, Thurmond saw John Smith about 50 to 60 feet down the incline. Thurmond later stated to the county sheriff's police that in parking the truck he left the vehicle in gear with the emergency brake on.

After parking, Thurmond went to tell Bill Verley the truck was in place, with regard to the forms which were to be loaded. Thurmond walked approximately two to three hundred feet south of the truck to where Bill Verley was standing. After informing Verley he had brought the truck, Thurmond turned around and noticed the truck was not where he had parked it. He thought of John Smith, ran in his direction and found the truck had rolled into and pinned Smith's legs against the concrete bucket. At the time the truck rolled into him Smith was looking into the bucket. He did not see the truck nor did he have any warning with regard to it. There was an earlier incident in which the same truck had begun to roll with its "emergency brake pulled back as far as it would go" but its driver had alertly jumped in and stopped it. It is undisputed at the time John Smith incurred his injuries the emergency brake was in need of adjustment. The plaintiff himself had made numerous complaints about the truck's defective nature including its emergency brake.

As a result of the truck smashing and pinning his legs, John Smith had to have both legs amputated and numerous skin graft operations. Smith filed an application for adjustment of his claim with the Industrial Commission of Illinois against the joint venture. He also filed suit against O'Neil for leasing the defective truck to the joint venture. O'Neil seeks to absolve itself from any and all liability by contending while Smith was an employee of the joint venture he was also its employee at the time he incurred his injuries, thereby concluding the present action against it is barred by means of the exclusive remedy provision of the Workmen's Compensation Act, section 5(a).

The exclusive remedy provision of the Workmen's Compensation Act provides, in pertinent part, as follows:

"No common law or statutory right to recover damages from the employer * * * for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act* * *." Ill. Rev. Stat. 1973, ch. 48, par. 138.5(a).

A reading of the pleadings in the case at bar shows John Smith alleged in count II of his complaint, paragraph 5, he was not employed (at the time of the injury) by W.E. O'Neil. The defendant O'Neil's answer to this complaint stated, at page 5, "Defendants admit the allegations of paragraph 5."

This admission indicates O'Neil did not consider John Smith its employee and did not treat him as an employee. As far as O'Neil was concerned the plaintiff was an employee of the joint venture.

■■ O'Neil's admission, as well as the fact the O'Neil-Groves joint venture was the independent and sole employer of John Smith, clearly establishes the joint venture was the employer of John Smith and O'Neil was not. For these reasons the exclusive remedy provision of the Workmen's Compensation Act is not a bar to the plaintiff's complaint and O'Neil's motion for summary judgment was erroneously granted.

The plaintiff has raised a separate issue for review asking, even if O'Neil is found to be the plaintiff's employer, whether O'Neil could be subject to suit in a dual capacity as lessor of the truck. We need not, however, decide this issue.

■■ Where a judgment is reversed on one ground, other grounds of reversal assigned will not ordinarily be passed on, when the same questions, in all probability, will not arise on a retrial and subsequent appeal (see *City of Chicago v. Callender* (1947), 396 Ill. 371, 71 N.E.2d 643; *Minnis v. Friend* (1935), 360 Ill. 328, 196 N.E. 191).

Since the plaintiff is unimpeded by the bar imposed by the exclusive remedy provision of the Workmen's Compensation Act the questions further concerning said Act need not be considered.

For the foregoing reasons the judgment of the circuit court of Cook County is hereby reversed and this cause is remanded to that court for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

JOHNSON, P. J., and ROMITI, J., concur.