MICHAEL J. WALTZ, Plaintiff-Appellee, *v.* ROBERT B. SCHLATTMAN, Defendant-Appellant.

First District (5th Division)    No. 79-885

Opinion filed February 1, 1980.

Lawrence T. Stanner, of Chicago, for appellant.

Thomas R. Cirignani, of Harvey L. Walner & Associates, Ltd., of Chicago, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff brought this action to recover rent allegedly owed by defendant under a lease. The trial court entered judgment for plaintiff in the amount of $620 and defendant brought this appeal. Defendant contends that: (1) the trial court erred in not granting defendant a continuance to procure a copy of plaintiff's deposition which was necessary for impeachment at trial; and (2) a new trial should have been granted since the post-trial motion showed that the plaintiff's deposition and trial testimony conflicted on a critical and basic point.

The following facts are uncontroverted for the most part. Plaintiff leased his house to defendant from September 1, 1976, to August 31, 1977. The lease provided for a monthly rental of $575 and an equal amount as a security deposit. Plaintiff moved to Idaho and told defendant to pay the rent to plaintiff's brother-in-law, Mr. Norgren. Defendant leased the house because he had been transferred on business and was unable to sell his house in Indiana. On December 25, 1976, defendant informed plaintiff that he had to return to Indiana on January 1, 1977. Plaintiff told defendant that he would reduce the rent by half until defendant was able to pay the rent, but defendant refused. Plaintiff testified that he told defendant that he would be held to the terms of the lease. Defendant testified that plaintiff told him that Norgren would find another tenant for the house. Defendant also stated that on January 1 Norgren told him that he thought that he had a new tenant, that defendant's utility bills would be prorated with the new tenant's and that the unused portion of defendant's security deposit would be returned to him.

On March 1, 1977, Norgren sent a letter to defendant which included what Norgren called "a summary of the house rental account" detailing the application of the security deposit and listing defendant's "final expenses." The letter informed defendant that the balance due plaintiff was $45.11. Defendant testified that he understood the letter to mean that the lease had been cancelled and his security deposit had been applied to satisfy his expenses. Plaintiff testified that Norgren had mailed the letter at defendant's request and without any instructions from him. When asked by defense counsel whether he had seen the letter previously, plaintiff answered, "To my knowledge, I haven't." Plaintiff also testified that he had not received a copy of the letter from Norgren. Plaintiff stated that the only knowledge he had of the letter was that Norgren had sent an account of final utility and repair bills to defendant at defendant's request.

Defense counsel sought to impeach plaintiff with his deposition testimony, in which he allegedly admitted that he had received a copy of the letter and had not complained about it to Norgren. Defense counsel informed the court that he did not have a copy of plaintiff's deposition transcribed for use at trial because he "did not know this person was going to chance [*sic*] his testimony." He also stated that he did not bring Mr. Norgren to court because there had been no inconsistency in the testimony previously. Counsel then moved for a continuance because he was taken by complete surprise by plaintiff's testimony and because he wanted to call Mr. Norgren as a witness. The following exchange took place:

"THE COURT: Did you transcribe the deposition?

[Defense Attorney]: No, I could—

THE COURT: Motion denied. Do you intend to bring in the reporter?

[Defense Attorney]: Well, I would, but I would bring in Mr. Norgren because this letter—

THE COURT: Is Mr. Norgren under subpoena?

[Defense Attorney]: No, he's not. That's why I am surprised.

THE COURT: All right. I'll take it under—your Motion to continue this cause on the grounds of surprise is denied, all right? Now, I'll take into consideration the question of availability of Mr. Norgren, okay."

The trial continued and at the end of all the evidence, the court denied defendant's motion for a continuance. Following argument, the court found for plaintiff in the amount of $620 and entered judgment on that finding. This appeal followed.

OPINION

Defendant contends that the trial court erred in failing to grant a continuance until he could get a transcript of plaintiff's deposition typed or until he could call Norgren as a witness at trial. He argues that the interests of justice require that he be able to show that plaintiff's trial testimony differed from his deposition testimony on the question of whether he had seen Norgren's letter to defendant. Defendant asserts that the letter clearly shows an intention to release him from the lease and that plaintiff recognized that if it were shown that he was aware of the letter and failed to disavow it, defendant would not be held liable for rent. Defendant claims that because of this, plaintiff lied at trial in order to create liability and that defendant suffered a substantial injustice by not being given an opportunity to impeach plaintiff on this crucial point.

Defendant further asserts that the trial court's ruling would require transcripts of depositions be available in small claims cases to protect

against perjury on a basic point. He contends that the taking of a deposition in a small claims case is abundant preparation in itself and that to further require transcription would make small cases impossible to litigate and effectively close the doors of the court to these cases.

■■ A trial court has broad discretion in allowing or denying a motion for a continuance (*Curtin v. Ogborn* (1979), 75 Ill. App. 3d 549, 394 N.E.2d 593; *Bullistron v. Augustana Hospital* (1977), 52 Ill. App. 3d 66, 367 N.E.2d 88), and the exercise of that discretion will not be disturbed on appeal unless there has been a manifest abuse of discretion or a palpable injustice. (*Curtin v. Ogborn; Kincl v. Hycel, Inc.* (1977), 56 Ill. App. 3d 772, 372 N.E.2d 385.) A trial court should not refuse to grant a continuance where the ends of justice clearly require it. *Curtin v. Ogborn; Bullistron v. Augustana Hospital.*

Section 59 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 59) provides that on good cause shown, the court may grant a party additional time to do any act prior to judgment and that the terms of a continuance are governed by the rules. Supreme Court Rule 231 (Ill. Rev. Stat. 1977, ch. 110A, par. 231) provides in pertinent part:

> "(a) Absence of Material Evidence. If either party applies for a continuance of a cause on account of the absence of material evidence, the motion shall be supported by the affidavit of the party so applying or his authorized agent. The affidavit shall show (1) that due diligence has been used to obtain the evidence, or the want of time to obtain it; (2) of what particular fact or facts the evidence consists; (3) if the evidence consists of the testimony of a witness, his place of residence, or if his place of residence is not known, that due diligence has been used to ascertain it; and (4) that if further time is given the evidence can be procured.
>
>              * * *
>
> (f) Time for Motion. No motion for the continuance of a cause made after the cause has been reached for trial shall be heard, unless a sufficient excuse is shown for the delay."

■ Since the motion in the instant case was made after trial had commenced, it was incumbent on defendant to show a sufficient excuse for the delay. While the impeachment evidence may have been crucial in this case, when defendant's lack of diligence in procuring this evidence is considered, it is clear that the trial court did not abuse its discretion in denying the motion. The importance of establishing that plaintiff was aware of Norgren's letter and impliedly accepted it was apparent to both parties. Defendant questioned plaintiff about this issue at his deposition and plaintiff was clearly aware of the letter and made no objection to Norgren. Satisfied with plaintiff's answers, defendant mistakenly assumed that the answers at trial would be consistent on this point. Defendant had

nearly six months to have a 19-page deposition transcribed but failed to do so. He admits in his brief that the deposition was not transcribed "because of the small claim nature of the case, and defense counsel could rightly believe that the plaintiff's sworn testimony in the deposition would not be altered in a critical respect." It would appear that for the cost of the transcription, defendant was willing to take the chance that plaintiff's testimony would not vary. In addition, he could have subpoenaed Norgren for trial to establish that the letter was written at plaintiff's request and that he sent a copy to him, but failed to do so. The record before us demonstrates that the absence of the material evidence was due, at least in part, to a lack of diligence on defendant's part in procuring it. Defendant proceeded to trial but then found that he was unable to impeach plaintiff by any evidence of his prior testimony of which defendant was aware and which had been available to him. Considering all the factors before the trial court, no sufficient excuse was shown to require delaying the trial which was in progress. *Kincl v. Hycel, Inc.* (1977), 56 Ill. App. 3d 772, 372 N.E.2d 385.

A succinct statement of the general rule regarding continuances based on surprise found in 17 Am. Jur. 2d *Continuance* §23, at 143 (1964), is as follows:

> "The fact that a party, without fault on his part, is taken by surprise by the conduct of his adversary and would be unjustly prejudiced if forced to proceed without being given an opportunity to prepare to meet the new situation, is a good ground for continuance. Surprise alone is not sufficient; an applicant must show that he would be prejudiced unless a continuance is granted. Furthermore, if the development during the trial is one which the applicant might have anticipated by the exercise of reasonable diligence or forethought, a continuance grounded on surprise is properly denied. A continuance based on a claim of surprise is also properly refused, where the applicant received notice with regard to testimony of material to be introduced at the trial, whether through the pleadings or otherwise."

This statement is particularly applicable to the instant case. Trial preparation requires an attorney to anticipate problems of proof and provide for their possibility. Here, the possible change in plaintiff's testimony could have been foreseen and provided for at little cost or effort. The change in testimony may have taken defendant by surprise, but under these circumstances, the trial court did not abuse its discretion in denying the continuance.

Additionally, defendant's argument concerning the burdensome nature of requiring that transcripts of depositions be available at trial in cases of this kind must be rejected. The complaint sought a total of

$2145.11. This is not a "small claim" case not in excess of $1000 to which the special provisions of Supreme Court Rules 281 through 288 (Ill. Rev. Stat. 1977, ch. 110A, pars. 281 through 288) apply. The supreme court has eliminated the use of depositions in those cases except by leave of court. (Ill. Rev. Stat. 1977, ch. 110A, par. 287.) In all other cases, as in this case, the rules governing depositions and discovery generally (Ill. Rev. Stat. 1977, ch. 110A, pars. 201 through 219) are applicable. (Ill. Rev. Stat. 1977, ch. 110A, par. 1.) Where a party elects not to establish deposition testimony by alternative means, we conclude that it is not unduly burdensome to require a transcript for such purpose.

Defendant also contends that the trial court erred in not granting a new trial since the post-trial motion included the transcript of plaintiff's deposition and showed that plaintiff did indeed change his testimony at trial. He argues that because of the perjury at trial and the strong possibility that the merits of the case have not been fully and fairly tried, an injustice has been done warranting a new trial. The decision of the trial court on a motion for new trial will not be reversed on appeal unless it affirmatively appears from the record that the trial court abused its discretion. (*Mosley v. Northwestern Steel & Wire Co.* (1979), 76 Ill. App. 3d 710, 394 N.E.2d 1230; *Spankroy v. Alesky* (1977), 45 Ill. App. 3d 432, 359 N.E.2d 1078.) While a court never condones the giving of false testimony, it is not in and of itself a basis for granting a new trial. (*Kaster v. Wildermuth* (1969), 108 Ill. App. 2d 288, 247 N.E.2d 431.) In the instant case, it is unclear whether plaintiff's deposition or trial testimony regarding the letter presents the truth.

■ The trial testimony was not plainly opposed to the deposition testimony. At trial, plaintiff equivocated about whether he had seen the letter previously. In response to various questions concerning this issue, plaintiff answered, "To my knowledge, I haven't," "I can't say positively I have seen that before," and "I don't recall seeing that letter before." Plaintiff may truly have been unable to recall the letter at the time of trial. The transcript would challenge plaintiff's credibility, but it does not clearly establish that plaintiff perjured himself at trial. Defendant was aware of the inconsistency in the testimony but was unable to impeach plaintiff. The granting of a new trial based on the ground that a witness testified falsely is within the sound discretion of the trial court and will not be interfered with absent an abuse of discretion. (*Hearst v. City of Chicago* (1973), 9 Ill. App. 3d 1085, 293 N.E.2d 738.) Since the falsity of plaintiff's trial testimony was not established, the trial court did not abuse its discretion in denying defendant a new trial.

■ Finally, a party surprised at trial by testimony relating to a material fact which could not be foreseen is sometimes entitled to a new trial if newly discovered evidence meets the surprise evidence. (*Darrough v.*

*White Motor Co.* (1979), 74 Ill. App. 3d 560, 393 N.E.2d 122; *Hearst v. City of Chicago.*) Generally, to justify a new trial on the basis of newly-discovered evidence, the evidence must: (1) appear to be of such a character that it will probably change the result if a new trial is granted; (2) have been discovered since trial; (3) be such as could not have been discovered before trial by the exercise of due diligence; (4) be material to the issue; and (5) not be merely cumulative of evidence offered at trial. (*Kaster v. Wildermuth*; *Hearst v. City of Chicago.*) Here, the deposition testimony was not "newly discovered" nor was defendant unaware of its existence. For those reasons, the trial court did not err in denying defendant's motion for a new trial.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.