ROBERT HERINGTON, Plaintiff-Appellee, v. MICHAEL SMITH, Defendant-Appellant.

Third District   No. 3—85—0018

Opinion filed November 1, 1985.

Robert V. Dewey, Jr., and Mark D. Howard, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellant.

William K. Brown, of Goldfine & Bowles, P.C., of Peoria, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff in this case, Robert Herington, was injured in a vehicular accident when the truck in which he was a passenger was struck by an automobile driven by the defendant, Michael Smith. The plaintiff brought suit for his injuries and the circuit court of Peoria County directed a verdict for the plaintiff on the issue of liability. Subsequently, the jury determined damages to be in the amount of $550. Later it was learned that the defendant's expert witness had lied under oath about the expert's credentials. The circuit court, concerned about the integrity of the judicial process and the fraud which had been committed upon the court, granted the plaintiff a new trial. An interlocutory appeal has been noticed by the defendant wherein he urges that the granting of a new trial represents an abuse of the circuit court's discretion.

The accident occurred on May 2, 1980, and on that day the plaintiff sought no medical treatment. The following day he was seen in a hospital emergency room and referred to a medical doctor with an orthopedic specialty. Instead of following the advice he received, the plaintiff sought treatment from Dr. Robert Zinser, a chiropractor. Dr. Zinser treated the plaintiff for pain resulting from whiplash for more than a year and a half. The chiropractic bills were approximately $4,800 for the plaintiff's 170 visits to the doctor. The evidence of plaintiff's injuries was presented through the testimony of the plaintiff and Dr. Zinser.

The defendant presented the testimony of Dr. Lorin Whittaker, a board-certified general surgeon. Dr. Whittaker found no physical evidence to substantiate the plaintiff's subjective complaints of pain. He also review X rays taken of the plaintiff and found them to be normal, contrary to the testimony of Dr. Zinser.

In addition, the defendant presented the testimony of Dr. Phillip Seltzer, a chiropractor. He described the abundance of treatment rendered the plaintiff as unreasonable, unnecessary and an abuse of professional privilege. Further, he offered his opinion that the plaintiff had not suffered any permanent injury and that only a few visits

to a chiropractor should have been needed.

The jury apparently believed that the plaintiff's need for treatment for injuries he suffered in the accident was exaggerated, as their award for damages was in the amount of $550, divided between $400 for medical bills and $150 for pain and suffering.

Later it was learned that Dr. Seltzer had lied under oath concerning his credentials. Dr. Seltzer was presented to the court and the jury as a licensed chiropractor and a licensed medical doctor. He testified that he had graduated from the University of Iowa in 1966, when in fact he graduated from Upper Iowa University in 1979. He testified that he received an M.D. degree from the University of Santo Domingo, when in fact he had an M.D. from the Universidad Cetec in the Dominican Republic. Finally, he testified he was licensed to practice medicine in the State of Florida, when in fact his only Florida certificate relates to homeopathic medicine.

When apprised of this misstatement of credentials, the circuit court granted the plaintiff's motion for a new trial. At the time the circuit court observed on the record the rationale for its decision.

"[Dr. Seltzer's] testimony was, in my view, devastating.

\* \* \*

Dr. Seltzer, in cross, was almost a white knight who was taking upon himself personally to see to it that his former chiropractic profession was maintained at a high level by testifying when he found chiropractors that were overcharging.

\* \* \*

It was clear to anybody that was listening to him, and I'm sure it was believed by defense counsel, who I am in no way criticizing for presenting the doctor, that he was presenting himself as a traditional medical practitioner who formerly and concurrently had chiropractic credentials as well. This is what gave him a special expertise and a special credibility, and in addition to his articulate presentation and logic of what he said, the reason I characterize his overall testimony as devastating. His credentials were the key to his testimony. His credentials were not slanted. They were misstated to the extent of being a fraud upon the Court. Again not a fraud knowingly presented on behalf of the defendant and without trying to speculate as to why he so misstated his credentials."

The defendant, believing that a new trial was unnecessary and an abuse of the circuit court's discretion, petitioned pursuant to Supreme Court Rule 306 for leave to appeal, and that petition was granted.

■ Generally speaking, the decision of the trial court on a motion for new trial will not be reversed on appeal unless it affirmatively appears from the record that the trial court abused its discretion. (*Mosley v. Northwestern Steel & Wire Co.* (1979), 76 Ill. App. 3d 710, 394 N.E.2d 1230; *Spankroy v. Alesky* (1977), 45 Ill. App. 3d 432, 359 N.E.2d 1078.) The defendant, however, directs our attention to those cases which discuss the guidelines for exercising that discretion when a new trial is sought because of newly discovered evidence. (*Waltz v. Schlattman* (1980), 81 Ill. App. 3d 971, 401 N.E.2d 994; *Kaster v. Wildermuth* (1969), 108 Ill. App. 2d 288, 247 N.E.2d 431.) Those cases generally set forth five conditions which should be present before a new trial is granted because of newly discovered evidence. Those cases also make clear that the giving of false testimony alone does not in and of itself constitute the basis for granting a new trial.

■ The court, however, has inherent power and responsibility to safeguard the integrity of the judicial process. Where perjured testimony so permeates that process as to constitute a fraud upon the court, false testimony by a material witness may alone be sufficient to warrant a new trial. (*Quagliano v. Johnson* (1968), 100 Ill. App., 2d 444, 241 N.E.2d 187.) Here, the distinguished trial judge found those very circumstances present. He was present throughout the circuit court proceedings and is far more qualified to assess the materiality of testimony than a court of review. Under such circumstances, we cannot say the granting of a new trial was an abuse of discretion.

Accordingly, the order of the circuit court of Peoria County is affirmed and this cause remanded for a new trial pursuant to that order.

Affirmed and remanded.

HEIPLE, P.J., and WOMBACHER, J., concur.