ALMON, Justice.
The sole question in this case is whether an employee of a corporation is a co-employee with an employee of a partnership of which the corporation is one of the members. Earline Corbin, individually as a dependent of Otis Corbin, deceased, and as mother and next friend of his minor children, sued Bama Wood, Inc.; James Allen; Commercial Union Insurance Companies; and a number of fictitious parties, for the wrongful death of Otis Corbin. Earline Corbin later filed a motion to intervene in her capacity as administratrix of the estate of Otis Corbin, alleging slightly different *340 theories of recovery. The trial court granted summary judgment for all defendants.
At the time of his death, Otis Corbin was an employee of Kowaliga Logging Company, a partnership whose members were Bama Wood, Inc.,[1] and Bennie T. Nolan. Kowaliga Logging Company existed under a written partnership agreement. Kowali-ga Logging Company maintained separate payrolls and books from those used by Bama Wood. James Allen was an employee of Bama Wood, Inc.; both he and Bennie Nolan testified in deposition that Allen was not an employee of Kowaliga Logging Company. Allen was foreman at the Ko-waliga Lumber Yard owned by Bama Wood, Inc. The employees of Kowaliga Logging Company cut wood and brought it to the lumber yard. Allen told the partnership crew where to cut wood and what size to cut. Nolan testified that Bama Wood designated Kowaliga Logging Company as an independent contractor, as it did with other logging crews.
Corbin's death occurred while he was riding in a Kowaliga Logging Company truck with David Freeman, another Kowali-ga Logging Company employee, from the Kowaliga Lumber Yard to the woods where they were to begin work. Freeman drove to the lumber yard in the mornings, providing transportation for Corbin. At the lumber yard Freeman parked his car and drove a truck to the place in the woods where the Kowaliga Logging Company crew was to cut wood. In spite of this transportation arrangement, it appears that Freeman and Corbin were not considered on the job and were not earning pay until they reported to the logging site at 7:00 a.m. to begin cutting timber under the direction of the Kowaliga Logging Company foreman.
On the morning of the accident, a chain on the back of the truck apparently came loose and snapped around the passenger side of the truck, either striking Corbin in the neck or causing a piece of glass to strike him in the neck. The truck had been left at the lumber yard the previous day, where employees of Bama Wood had unloaded it. Allen had wrapped the chain onto a rack on the truck after the truck was unloaded.
A wrongful death action against co-employees of the deceased may not be maintained in this state. Slagle v. Parker, 370 So.2d 947 (Ala.1979), appeal dismissed, 444 U.S. 804, 100 S.Ct. 24, 62 L.Ed.2d 17 (1979). Actions against third parties may be maintained, however, under the provisions of Code 1975, § 25-5-11.
Larson, in his treatise on workmen’s compensation, states that “a member of a partnership ... is ... the employer of the employees of the partnership and cannot be sued” because of the exclusive remedy provision of the workmen’s compensation law. 2A A. Larson, The Law of Workmen’s Compensation, § 72.15 (1983) (citations omitted). We agree that this principle protects Bama Wood, Inc., from suit. This does not establish, however, that all of Bama Wood’s employees are necessarily co-employees of the employees of the partnership.
A case cited in a different context in the Larson treatise is very close to the instant case:
“Two companies, W.E. O’Neil Construction Co. and S.J. Groves & Son Company, entered into a joint venture agreement for the purpose of a construction project. The claimant was hired by the joint venture. It was admitted that he was not an employee of O’Neil. The claimant was injured when a truck with a defective emergency brake, leased to the joint venture by O’Neil, rolled into him crushing his legs. The claimant collected compensation from the joint venture and brought this damage suit against O’Neil. As it was admitted that the claimant was employed by the joint venture as a separate entity, the court reversed the summary judgment against the claimant, per *341 mitting him to proceed with his tort suit.”
Larson, § 72.24, discussing Smith v. Metropolitan Sanitary District of Greater Chicago, 61 Ill.App.3d 103, 18 Ill.Dec. 452, 377 N.E.2d 1088 (1978). We would not go so far as to say that the joint venturers would be liable for actions taken in pursuit of the joint venture. There is no argument here, however, that Allen’s actions as an employee of Bama Wood were sufficiently removed from Bama Wood’s activities as a partner in Kowaliga Logging Company to make Bama Wood itself liable under a dual persona theory. Of course, because of its immunity, Bama Wood cannot be held liable for Allen’s actions under respondeat superior.
Allen raises the “reserved right of control” test, citing, e.g., Weeks v. C.L. Dickert Lumber Co., 270 Ala. 713, 121 So.2d 894 (1960); and Davis-Day Timber Co. v. Gentry, 54 Ala.App. 385, 309 So.2d 97 (1975). He argues that because he controlled the manner in which Kowaliga Logging Company employees did their work, he should be immune. This amounts to an argument that Bama Wood, Inc., was the real employer of Otis Corbin in spite of the efforts to set up a separate partnership as his employer. In view of the substantial evidence introduced on the summary judgment motion showing the distinctness of Kowaliga Logging Company as a legal entity and as Corbin’s employer, this argument at best raises a fact question for the jury.
Because James Allen was not a member of the partnership and the materials submitted on the summary judgment motion show at least a scintilla of evidence that James Allen, at the time of the injury, may have been acting as an agent, servant, or employee of Bama Wood, Inc., in furtherance of ■ an activity being performed by Bama Wood, Inc., as opposed to being engaged in an activity in furtherance of an activity being performed by Kowaliga Logging Company, the trial court erred in granting summary judgment.[2] REVERSED AND REMANDED.
All the Justices concur except ADAMS, J., not sitting.

. A corporation can be a member of a partnership. Code 1975, § 10-8-3.

. Commercial Union Insurance Companies filed a separate declaratory judgment action regarding coverage for the defendants in this suit. The trial court dismissed that action as moot when it granted summary judgment. The court may reconsider that order as to coverage for Allen in light of our holding today.