TED LANDSTROM, Plaintiff-Appellant, v. CHARLES WILLIAMSON, Indiv. and d/b/a Williamson Drainage, Inc., *et al.*, Defendants-Appellees.

Fourth District   No. 4—87—0413

Opinion filed December 31, 1987.

Ray Moss, of Ray Moss & Associates, P.C., of Clinton, for appellant.

John Naylor, of Naylor, Mueller & Willard, P.C., of Bloomington, for appellee Charles Williamson.

William O. Martin, Jr., of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellees Waynesville Township Road District and Monty Shafer.

Dawn L. Engel and James P. Ginzkey, both of Costigan & Wollrab, P.C., of Bloomington, for appellee Bill Beeler.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff, Ted Landstrom, has invited us to adopt a *per se* rule in Illinois that the use of ardent spirits during jury deliberations discredits a jury verdict to such a degree that a new trial is warranted. We decline to do so.

Plaintiff filed a complaint in the circuit court of De Witt County against several defendants requesting damages for injuries he suffered when a corn sheller he was operating ran into a trench dug by defendants across a gravel road. Defendants were all alleged to have been involved in the laying of field tile and the digging of the trench across the road on which plaintiff was traveling when he was injured.

After a five-day jury trial, a verdict was returned in favor of the defendants.

Approximately 18 days after the judgment was entered on the verdict, the trial court informed all counsel by letter that at the noon meal taken at a local restaurant during jury deliberations, as many as three jurors had ordered alcoholic beverages with their meal. The court pointed out it did not know the affect of this occurrence but believed it necessary to notify counsel.

Plaintiff filed a timely motion for a new trial and attached the affidavit of his counsel stating he had spoken with one of the jurors. The juror's statement, as reported by counsel's affidavit, was that three jurors asked for and received alcoholic beverages during their noon meal. The motion for new trial was denied and this appeal followed.

Plaintiff's position is simple. He maintains the consumption of an alcoholic beverage by a juror while serving in his official capacity as a juror taints the entire jury and its verdict. Plaintiff's arguments regarding the evils and dangers of alcohol consumption have some moral and social merit, but they have no legal merit.

■ The parties have not produced nor has our own research found any authority either within Illinois or without that supports plaintiff's position. The meager case law on this issue is unanimous in stating that mere consumption of alcohol is not enough but it must be shown a juror was intoxicated or the consumption of alcohol influenced the verdict. See *People v. King* (1916), 276 Ill. 138, 114 N.E. 601; *Sanitary District v. Cullerton* (1893), 147 Ill. 385, 35 N.E. 723; *Graybeal v. Gardner* (1893), 146 Ill. 337, 34 N.E. 528; *Kealoha v. Tanaka* (1962), 45 Haw. 457, 370 P.2d 468.

In a recent decision decided on the grounds of the common law and the Federal Rule of Evidence 606(b) prohibition against jurors impeaching their own verdict, the Supreme Court discussed the use of alcohol by jurors. (*Tanner v. United States* (1987), 483 U.S. ___, 97 L. Ed. 2d 90, 107 S. Ct. 2739.) Justice O'Connor suggested alcohol consumption was in the same category of juror influence as "a virus, poorly prepared food, or a lack of sleep." (483 U.S. ___, ___, 97 L. Ed. 2d 90, 107, 107 S. Ct. 2739, 2748.) The mere use of alcohol or drugs during trial or jury deliberations is not sufficient to set aside a jury verdict.

The facts in *Tanner* as well as those in *Kealoha* and *Graybeal* were far more egregious than present here. Such cases have involved significant amounts of alcohol and other drugs, allegations that agents of one of the parties provided the alcohol to the jurors, and consump-

tion of alcohol as an issue in the case to be decided by the very jury that is alleged to have consumed alcohol. Yet in none of those cases was alcohol consumption found to have unduly influenced jurors or the verdict rendered. A case-by-case analysis is necessary to determine the necessity of setting aside a verdict on the grounds presented here rather than the use of a *per se* rule.

The decision of a trial court on a motion for new trial will not be reversed on appeal unless it appears from the record that the court abused its discretion. (*Waltz v. Schlattman* (1980), 81 Ill. App. 3d 971, 401 N.E.2d 994.) In this case, the trial court notified counsel of information which came to its attention. That information alone was not grounds for granting a new trial, but counsel had the opportunity to look into the matter and possibly discover sufficient grounds. Plaintiff criticizes the trial court for finding the information significant enough to notify counsel, but not sufficient to grant a new trial. This criticism is unfounded. The trial judge properly brought the matter to counsel's attention and left it to them to use the information. Plaintiff did not produce any evidence alcohol consumption affected either jurors or the verdict. The affidavit presented was not even from an eyewitness to alcohol consumption but from plaintiff's counsel who spoke with a juror and contained no more information than did the original letter from the court.

We believe bailiffs, clerks and court personnel should be carefully instructed not to permit jurors to use alcohol at supervised meals during trials and deliberations. We do not condone alcohol consumption by jurors, but there was no abuse of discretion in the trial court's denial of the motion for a new trial.

The trial court's denial of plaintiff's motion for a new trial is affirmed.

Judgment affirmed.

LUND and SPITZ, JJ., concur.