DANIEL McCARTHY, Plaintiff-Appellant, v. CLARICE M. BACH, Defendant-Appellee.

Third District No. 3—90—0008

Opinion filed October 23, 1990.

Law Offices of Naughton & Markese, of Joliet (Thomas P. Naughton, of counsel), for appellant.

Francis A. Spina, of Tressler, Soderstrom, Maloney & Priess, of Wheaton (Edmund J. Siegert, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Daniel McCarthy, brought a negligence action against the defendant, Clarice Bach, for injuries he sustained in an

auto collision. Following a trial, the jury found that both parties were 50% at fault, but found total damages to be zero. Consequently, no damages were awarded to plaintiff. The plaintiff moved for a new trial on the issue of damages only. This motion was denied and the plaintiff appeals. Plaintiff did not move for a new trial on all issues.

On September 21, 1988, the plaintiff was travelling northbound on Route 45 in Mokena. The plaintiff testified that as he approached 191st Street he pulled into the left-turn lane and entered the intersection. The plaintiff testified that he never came to a stop and that his speed never fell below 20 miles per hour. He glanced at the light and saw that it was yellow. He also glanced at the traffic southbound on 45. He noted the defendant's car and another car approaching the intersection. The vehicles appeared to be slowing down. As the plaintiff executed the turn, the defendant's car collided with the passenger side of plaintiff's vehicle.

The defendant testified that she had a clear, unobstructed view as she approached the intersection. She did not see the plaintiff's car until she noticed a glare moments before impact. She testified that the light turned yellow as she entered the intersection and that she was travelling 40 to 45 miles per hour.

Brian Corkery was driving in the right southbound lane of 45 and was about 500 feet from the intersection at the time he witnessed the collision. He testified that he was travelling at about 55 miles per hour when the defendant passed him in the left lane. Corkery estimated that the defendant was travelling 65 miles per hour. He did not see the defendant's brake lights go on prior to impact. He first noticed the plaintiff when he was 600 to 700 feet from the intersection. He observed the plaintiff come to a complete stop, then proceed to turn when the light turned yellow. Corkery told an investigating officer that the defendant had "passed the point of no return" when the signal turned yellow and could not have stopped at the intersection. According to Corkery, the defendant was 100 to 200 feet from the intersection when the light turned yellow.

Cheryl Villa was stopped at the intersection in the eastbound lane of 191st. She saw the plaintiff slow as he approached the intersection, but she could not recall if he came to a complete stop. Villa did not see defendant's vehicle prior to the collision.

On appeal, the plaintiff contends the trial court abused its discretion in denying his motion for a new trial on the issue of damages only. According to the plaintiff a new trial should have been awarded on the issue of total damages, leaving the percentage of liability of each party undisturbed.

 The decision of the trial court on a motion for a new trial will not be reversed on appeal unless it affirmatively appears from the record that the trial court abused its discretion. (*Herington v. Smith* (1985), 138 Ill. App. 3d 28, 485 N.E.2d 500.) A new trial on the question of damages only is appropriately granted where (1) the jury's verdict on the question of liability is amply supported by the evidence: (2) the questions of damages and liability are so separate and distinct that a trial limited to the question of damages is not unfair to the defendant; and (3) the record suggests neither that the jury reached a compromise verdict, nor that, in some other identifiable manner, the error which resulted in the jury's awarding inadequate damages also affected its verdict on the question of liability. (*Balestri v. Terminal Freight Cooperative Association* (1979), 76 Ill. 2d 451, 394 N.E.2d 391.) Since in this case the record suggests the jury compromised on the verdict, we find the trial court was correct in denying the motion for a new trial on the issue of damages.

It cannot be said that, in the instant case, the issues of liability and damages were so separate and distinct that a trial on damages only would not be unfair to the defendant. Nor was the evidence of liability so clear that it can be said there is no real issue on this point to be tried by a second jury. The record reflects contradictions in testimony and a difference over the facts. The jury found both parties to be equally at fault. The plaintiff does not challenge that determination. In our view the jury compromised in reaching a verdict, and the plaintiff has failed to satisfy the requirements for the granting of a new trial on the issue of damages only.

Therefore, the judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.