CARLOS MAPLE *et al.*, Plaintiffs-Appellants, v. MERVIN E. GUSTAFSON, Defendant-Appellee.

Fifth District   No. 5—90—0151

Opinion filed June 4, 1991.—Rehearing denied July 5, 1991.

CHAPMAN, J., dissenting.

Michael R. Bilbrey, of Bono, Goldenberg, Hopkins, Bilbrey & Hendricks, of Granite City, for appellants.

Martin K. Morrissey and Curtis L. Blood, both of Reed, Armstrong, Gorman, Coffey, Thomson, Gilbert & Mudge, P.C., of Edwardsville, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Plaintiffs Carlos Maple and Mary Maple appeal from a judgment against them and in favor of defendant, Mervin E. Gustafson, following a jury trial in the circuit court of Madison County. Plaintiffs had brought suit against defendant for personal injuries incurred when a car driven by plaintiff Carlos and in which plaintiff Mary was a passenger collided with a car driven by defendant. The trial court directed a verdict in favor of plaintiffs on the issue of negligence, leaving the issues of Carlos' contributory negligence, proximate cause, and damages for the jury. The jury returned a verdict in favor of defendant and against plaintiffs.

Plaintiffs appeal, raising three issues for our review: (1) whether the jury's verdict was contrary to the manifest weight of the evidence; (2) whether plaintiffs were prejudiced by the testimony of defendant's expert witness that the hospital at which defendant received a CT scan was predisposed to making diagnoses involving disk trauma; and (3) whether plaintiffs were prejudiced by the admission at trial of surprise evidence of previously undisclosed repairs to defendant's vehicle. Because we find that the jury's verdict in favor of defendant was against the manifest weight of the evidence and reverse on that basis, we need not discuss the other issues raised on appeal. They are unlikely to recur on retrial. (See *Smith v. Metropolitan Sanitary District of Greater Chicago* (1978), 61 Ill. App. 3d 103, 107, 377 N.E.2d 1088, 1091, *aff'd* (1979), 77 Ill. 2d 313, 396 N.E.2d 524.) This cause is remanded on the issue of the amount of damages only.

Plaintiffs claim injuries as a result of a vehicle collision which occurred on October 8, 1986. Just prior to the collision, plaintiffs' vehicle was traveling 35 miles per hour. Defendant's vehicle pulled out in front of plaintiffs' vehicle and stopped. Carlos tried to stop his vehicle by braking, but collided with defendant's vehicle. Carlos and Mary were not thrown about the interior of the vehicle. Their vehicle re-

ceived slight damage to the front bumper and grill. Defendant's vehicle received damage to the driver's door, which was repaired with used parts at an approximate cost of $900. Neither defendant nor his grandson who was with him was injured. Defendant's vehicle did not move as a result of the collision. At the time of the accident, plaintiffs did not think they were injured. After talking to a police officer at the scene, they proceeded to a McDonald's restaurant for coffee. Approximately one week later, plaintiffs began to experience pain in their necks and backs. One week thereafter, they sought treatment from a chiropractor.

Chiropractor Charles King testified that he first saw plaintiffs on October 21, 1986. Carlos was complaining of neck pain and low back pain which had grown steadily worse following the accident. At the time, Carlos weighed 300 pounds and was suffering from palpable cervical and lumbar muscle spasm. Carlos had decreased cervical and lumbar ranges of motion. Carlos was able to raise his legs only 45 degrees in the straight-leg maneuver, indicating some nerve root or disk pathology. X rays revealed no fractures or dislocations of the spine. King began treatment of Carlos the next day. When Carlos failed to improve, King scheduled him for a CT scan at Wood River Township Hospital. The CT scan report from Wood River Township Hospital revealed a minimal bulging cervical disk, a bulging lumbar disk with minimal herniation, and two other herniated lumbar disks. King sent Carlos for a consultation with an orthopedic surgeon, Dr. Maurice Miller. King continued to treat Carlos, who improved over time. King released Carlos on July 10, 1987. King opined that Carlos' injuries were related to the car accident.

With respect to Mary, King testified that her X rays revealed degenerative arthritis of the spine. She had suffered neck and low back injuries in a car accident in 1978. She had decreased range of cervical motion, palpable cervical spasm, and multiple trigger points. She had no palpable spasm in her low back, but had limited range of lumbar motion. Mary was treated conservatively to reduce inflammation and muscle spasm. Mary had slight improvement. She was released on June 3, 1987. King opined that the instant car accident aggravated Mary's preexisting degenerative arthritic condition.

The evidence deposition of Dr. Maurice H. Miller was read to the jury. Miller specializes in orthopedic surgery. He first saw Carlos on April 6, 1987, on referral from King. Carlos had a reduced range of motion in his cervical and lumbar spine. When subjected to a sensation test, Carlos described altered sensate over a cervical distribution and a lumbar distribution which corresponded with the particular

disks shown to be bulging or herniated by the CT scans. Miller identified the CT scans taken of Carlos on February 13, 1987, at the Wood River Township Hospital. He testified that the scans were of good diagnostic quality. Miller testified that the scans indicated two bulging disks in the lumbar area, one bordering on herniation. The scans also revealed a bulging disk in the cervical area. Miller prescribed a pain killer for Carlos and recommended conservative treatment. Carlos' condition improved over time. Dr. Miller released Carlos on July 28, 1987.

Plaintiff Mary Maple testified that she was 63 years of age at the time of trial. She first began to experience pain in her neck and back approximately one week after the accident. She went to see King in response to an advertising flier she received in the mail. She improved under King's treatment. However, she still suffers from her injuries.

Plaintiff Carlos Maple also testified. He was 22 years old at the time of trial. He first began experiencing pain in his neck and back approximately one week after the accident. He testified to his continuing problems as a result of the accident. Plaintiff rested.

Defendant's first witness was his expert, Dr. Raymond Frederick. Just prior to his testimony, plaintiffs made an oral motion *in limine* to bar Frederick from testifying that the radiology department at Wood River Township Hospital and the results of its CT scans are unreliable. This motion was denied.

Dr. Frederick testified that he is a general surgeon. He examined Carlos Maple at defendant's request on August 31, 1987. As a result of the history he received from Carlos and his examination, Frederick opined that Carlos was not injured in the accident or was only slightly injured. Frederick was certain that some of Carlos' complaints were not a result of the accident. Carlos' obesity placed extra strain on his bones, joints, and muscles. Carlos' entire examination was normal. Frederick found no objective evidence of any injury and did not believe Carlos was physically impaired. The accident definitely was not related to Carlos' back symptoms, and any neck symptoms were mild and insignificant.

Frederick was asked, "Did you place any significance, I'll ask it this way, on the fact that Carlos Maple told you about a Wood River Township report with some kind of disks or something?" He responded, "Only that they seemed very fond of making this diagnosis over there." Plaintiff's objection was sustained, the response was stricken, and the jury was admonished to disregard the remark. Frederick then stated, "How can I put it? They do make this diagnosis fre-

quently at this particular hospital." Plaintiff's objection was again sustained and the jury was instructed to disregard the remark.

With respect to Mary Maple, Frederick testified that any injury she sustained in the automobile accident was minor. Frederick found Mary's complaints to be functional rather than organic and believed her symptoms were exaggerated. He found no evidence of any disk injury. Mary suffered from advanced degenerative arthritis of her entire spine as a result of the aging process which caused pain and stiffness. The arthritis was not connected to the accident in any way. Frederick found no objective evidence of any soft tissue injury or muscular strain. Mary's arthritis accounted for her complaints.

On cross-examination, Frederick testified that he is not qualified to read CT scans. X rays do not show the disk area of the spine; CT scans do. Frederick did not review Carlos' CT scans. On redirect examination, Frederick testified that CT scans are not infallible and the results may vary depending on who reads them.

Defendant testified that the day after the accident he had a minor repair made to the latch on the driver's door so that it would open and close. Eventually, the entire door had to be replaced, but this repair was not done until later. On cross-examination, plaintiffs asked defendant why he had failed to reveal the repair to the latch in his deposition. Defendant replied that he had not been asked about it and it was a minor adjustment which cost only $30. In closing argument, plaintiffs' counsel argued that defendant had tried to hide from the plaintiffs and the jury the repair to the door latch in order to minimize the damage to the car and the severity of the collision and therefore the extent of plaintiffs' injuries. He argued that the photographs of defendant's car after the accident did not accurately depict the extent of damage, as plaintiffs had testified, because they had been taken after the latch repair. Plaintiffs' counsel argued that the damage to defendant's vehicle had been much greater than revealed.

In their post-trial motion, plaintiffs sought a new trial on the issue of damages only. Their motion was denied by the trial court on February 8, 1990.

The trial court directed a verdict in favor of plaintiffs on the issue of defendant's negligence. The jury returned a verdict in favor of defendant and against plaintiffs. It follows, therefore, that the jury determined that, although defendant was negligent in failing to yield the right-of-way to plaintiffs, plaintiffs sustained no injuries as a result of the accident. In other words, the jury found for the defendant on the issue of proximate cause. This finding is contrary to the manifest weight of the evidence.

■ A verdict is contrary to the manifest weight of the evidence only when, upon review of all the evidence in the light most favorable to the party who prevailed at trial, an opposite conclusion is clearly apparent or the jury's finding is palpably erroneous and wholly unwarranted, is clearly the result of passion or prejudice, or appears to be arbitrary and unsubstantiated by the evidence. (*Renfro v. Allied Industrial Equipment Corp.* (1987), 155 Ill. App. 3d 140, 156, 507 N.E.2d 1213, 1227.) We think that, even viewing all the evidence in the light most favorable to defendant, it is clearly apparent that plaintiffs did sustain injuries and that those injuries were proximately caused by the accident. We therefore reverse the judgment of the circuit court and remand this cause for retrial on the issue of the amount of damages only.

■ Both plaintiffs, their chiropractor, and Carlos' orthopedic surgeon testified that plaintiffs were injured. The chiropractor found objective evidence of injury in both plaintiffs in the form of limited range of motion and palpable muscle spasm. Dr. Miller, Carlos' orthopedic surgeon, also found objective evidence of Carlos' injuries in the form of palpable muscle spasm, limited range of motion, and CT scans showing bulging disks. Finally, Wood River Township Hospital CT scans revealed bulging and herniated disks in Carlos. Although defendant's expert found no objective evidence of injury in either plaintiff, it is noteworthy that he did not examine plaintiffs until after they had been released by Drs. King and Miller, more than 10 months after the accident. Therefore, their injuries were to some extent healed and may not have been as objectively evident to Dr. Frederick as they had been to Drs. King and Miller. Furthermore, Dr. Frederick conceded in his testimony that plaintiffs may have been slightly injured.

Both plaintiffs, the chiropractor, and the orthopedic surgeon also testified that plaintiffs' injuries were related to the car accident. Both Drs. King and Miller testified that an accident such as plaintiffs' could have caused the injuries of which plaintiffs complained. Plaintiffs' symptoms did not arise until approximately one week after the car accident and therefore did not preexist it. There is no evidence of any other trauma or injury to Carlos or any occurrence other than the accident which could have aggravated Mary's preexisting arthritic condition. Again, defendant's expert conceded in his testimony that plaintiffs' injuries, if any, could have been caused by the car accident.

In order to find that plaintiffs were not injured, or that their injuries were not proximately caused by the accident, the jury had to disbelieve virtually all of the evidence they heard from the witnesses.

It is true that Dr. Frederick testified that he found no objective evidence of injury to either plaintiff and that he did not believe they were injured in the car accident. However, he also conceded that plaintiffs could have been slightly injured in the accident. Frederick also testified that many symptoms of injury would lessen or subside over time, thereby lessening the import of his failure to find any objective evidence of injury. We think on this evidence, a verdict contrary to that returned by the jury is clearly apparent. Accordingly, we reverse the judgment of the circuit court of Madison County and remand this cause for retrial on the issue of the amount of damages only.

For the foregoing reasons, the judgment of the circuit court of Madison County is reversed, and this cause is remanded for further proceedings not inconsistent with this order.

Reversed and remanded.

RARICK, P.J., concurs.

JUSTICE CHAPMAN, dissenting:
I respectfully dissent.

I cannot agree that the jury's finding is palpably erroneous and wholly unwarranted by the evidence. The jury could in fact have properly found for the defendant because defendant's expert witness, Dr. Raymond Frederick, testified that Carlos and Mary Maple were not injured in the accident, and that their injuries, if any, were caused by unrelated circumstances.

The majority states that Dr. Frederick conceded that plaintiffs may have been slightly injured and that their injuries could have been caused by the car accident. No such conclusions were drawn by Dr. Frederick. He in fact found no objective evidence of injury to Carlos Maple. Likewise, no physical impairment was found in his examination of Mr. Maple. When Dr. Frederick was asked whether he has an opinion whether the accident was related to the symptoms Carlos Maple complained of, the doctor stated:

> "Certainly not the back symptoms. I think that is fairly definite. His other symptoms are quite mild. I don't know what to say about neck, feeling fatigue when he is watching television and driving. That is a very low grade, subjective complaint. I guess if he were my patient I would tell him to exercise and lose weight and lead a normal life and that it would go away."

Dr. Frederick opined that Mary Maple's complaint several days after the accident of neck and back pain suggested to him that hers was a "relatively minor injury." Dr. Frederick testified that he suspected that her symptoms were exaggerated. He found that she had been in a prior automobile accident in 1978 and that she suffered from osteoarthritis, which can cause pain and stiffness. He testified that this condition was in no way connected with the accident at bar. Dr. Frederick concluded that Mary Maple has advanced arthritis and degenerative disease, obesity and general infirmities to entirely account for her present state of health.

In light of the evidence, I believe the jury's verdict may have been the result of its assessment of Dr. Frederick's testimony that Carlos and Mary Maple were not injured in the accident and that any injuries complained of were caused by circumstances other than the accident. The question of what evidence to believe and what evidence to reject is a decision for the trier of fact, whose determination should not be upset on review unless manifestly erroneous. (*Hall v. Northwestern University Medical Clinics* (1987), 152 Ill. App. 3d 716, 725, 504 N.E.2d 781, 787.) I would affirm the judgment of the circuit court.

As for the remaining issues raised by the plaintiffs which the majority did not address, I do not find the alleged errors sufficient to reverse.

Plaintiffs argue that they were prejudiced by the testimony of Dr. Frederick that the hospital at which the plaintiffs received a CT scan was predisposed to making diagnoses involving disc trauma. Plaintiffs filed a pretrial motion *in limine* requesting that the court preclude Dr. Frederick from testifying concerning the CT scans of Wood River Township Hospital that he reviewed subsequent to his deposition of April 4, 1988. The trial judge denied plaintiffs' motion. However, during trial the court twice promptly sustained the plaintiffs' objection to Dr. Frederick's testimony as to the hospital's predisposition to making disc-trauma diagnoses, and the jury was instructed to disregard the comments. Under these circumstances, I cannot conclude that any prejudicial error occurred.

The third issue raised by the plaintiffs is whether they are entitled to a new trial because of newly discovered evidence. During pretrial discovery, the plaintiffs inquired of Gustafson as to the type and costs of repairs to his car. At trial Mervin Gustafson testified that he had a $30 adjustment made to the driver's side door latch. Plaintiffs argue that because this evidence came as a surprise they are entitled to a new trial.

Generally, to justify a new trial on the basis of newly discovered evidence, the evidence must:

"(1) appear to be of such a character that it will probably change the result if a new trial is granted; (2) have been discovered since trial; (3) be such as could not have been discovered before trial by the exercise of due diligence; (4) be material to the issue; and (5) not be merely cummulative [sic] of evidence offered at trial." Waltz v. Schlattman (1980), 81 Ill. App. 3d 971, 977, 401 N.E.2d 994, 999.

Plaintiffs did not express surprise or request a continuance after Gustafson testified as to the door latch repair. Plaintiffs cross-examined Gustafson as to the door latch repair and argued to the jury that the photograph of defendant's vehicle did not accurately depict the extent of damage to defendant's car after the accident because the photograph was taken after the door latch adjustment. The evidence of the door latch adjustment was discovered at trial and was presented to the jury, and counsel was permitted to cross-examine defendant as to the evidence. Plaintiffs have failed to demonstrate how this newly discovered evidence has prejudiced them or that it is of such a character that it would change the result if a new trial were granted.

Based on the foregoing, I would affirm the decision of the trial court.